FOCKE, WILKENS & LANGE AND C. T. SCOTT v. LEON & H. BLUM.

No. 3047.

1.   **Assignment Held Invalid.**—Reynolds, of firm of Reynolds & Liston, made an assignment to Scott of the firm assets of Reynolds & Liston for benefit only of accepting creditors. The deed of assignment did not pretend to convey anything but the firm assets, and could not have conveyed the individual property subject to execution of Liston. *Held,* that the assignment was void.

2.   **Venue—Trespass—Plaintiffs in Attachment.**—The levy by actual seizure of personal property not subject to the writ of attachment under which seizure was made was a trespass, and plaintiffs causing the seizure are participants in the trespass,

and the venue as to them when sued for the wrongful seizure lies in the county where committed. Rev. Stats., art. 1198; Gen. Laws 21st Leg., p. 48, and 20th Leg., p. 49.

3. **Garnishment—Custodia Legis.**—One holding possession of a stock of goods under a void assignment was served with writ of garnishment by a creditor firm. Subsequently other creditors by attachment seized the goods and took them from the possession of the garnishee. *Held,* that the service of the writ of garnishment had the effect of placing the property of *the debtors* in the hands of the garnishee at the time in custodia legis, and of creating at least a right ad rem or quasi lien upon the property in favor of the plaintiffs in the writ to secure the payment of the debt sued upon (and followed by a valid judgment) superior to the rights of other creditors subsequently attaching the property. Authorities discussed.

4. **Lienholders may Sue.**—A mortgagee or lienholder may sue for the conversion of the mortgaged property, or for a trespass upon it.

5. **Case in Judgment.**—Focke, Wilkens & Lange having with full knowledge of the garnishment proceedings in favor of plaintiffs Leon & H. Blum, wrongfully seized the garnished effects and thereby destroyed the security of plaintiffs, were liable for the sum which could have been realized from the effects in due course of law.

APPEAL from Henderson.    Tried below before Hon. F. A. WILLIAMS.

*McLemore & Campbell,* for appellants Focke, Wilkens & Lange.—The proceedings in garnishment are purely statutory, and are intended alone for the purpose of enabling the plaintiff in garnishment to obtain judgment against the garnishee for the debt or property sought to be reached by the proceedings; and no lien is created on the property held by the garnishee, because "our statutes create no such lien;" hence no cause of action arises in favor of the plaintiff in garnishment against a stranger who trespasses upon the property held by the garnishee in the suit, and the charge of the court in this case to the contrary hereof was error. Noyes & Fish v. Brown, 75 Texas, 460–462; Arthur v. Batte, 42 Texas, 159; Drake on Attach., secs. 451, 454, 435b.

*Jones & Jones,* for appellant Scott.—1. The deed of assignment is valid, because said instrument, together with the other papers pertaining to said assignment and with the evidence of both the assignors, show that said deed was sufficient to and did pass title to all the property of said assignors to appellant Scott.

The deed is good if sufficient to pass title: Windham v. Patty, 62 Texas, 493; Blum v. Welborne, 58 Texas, 157; Coffin v. Douglass, 61 Texas, 406; McKee v. Coffin, 66 Texas, 304.

2. If a good and valid writ of garnishment be served while the garnishee has in his possession goods, etc., subject to said writ, then he is entitled to recover the value of same from a subsequent attaching plaintiff, unless it be shown that he has been discharged upon his answer in the garnishment proceedings.

*Richardson & Watkins,* for appellees.—1. When the acts complained of constitute a trespass, or when committed through the medium of at-

tachment proceedings, an action will lie in the county in which the transaction occurred. Rev. Stats., sec. 8, art. 1198; Gen. Laws 21st Leg., p. 48; Hilliard & Hilliard v. Wilson & Blum, 65 Texas, 286; Campbell v. Trimble, 75 Texas, 270; Hubbard v. Lord, 59 Texas, 384; Hill v. Kimball, 76 Texas, 214; Cook v. Hartman, 2 Texas Ct. App., 771; 1 Waterm. on Tres., secs. 1, 2; 1 Chitty on Plead., p. 166.

2. Service of a writ of garnishment is a method of attaching goods in the hands of a third party, and the property is thereby brought in custodia legis and is subjected to a valid and subsisting lien in favor of the plaintiff in garnishment. Rev. Stats., arts. 192, 207; Harrell v. Cattle Co., 73 Texas, 612; Stiles v. Davis, 1 Black, 101; Kenedy v. Brent, 6 Cranch, 187; Brashier v. West, 7 Pet., 608; Waples on Attach., secs. 341, 593, 594, 595; Drake on Attach., secs. 251, 270, 453; Reed v. Fletcher, 24 Neb., 435; Goddard v. Hopgood, 25 Vt., 351 (60 Am. Dec., 272); Ronan v. Dewes, 17 Mo., 306; Rockwood v. Varnum, 17 Pick. (Mass.), 289; Burlingame v. Bell, 16 Mass., 318; Swett v. Brown, 5 Pick. (Mass.), 178; Scholefield v. Bradlee, 4 La., 252; Bonner v. Winter (Kans.), 21 Pac. Rep., 1078; Erskine v. Staley, 12 Leigh (Va.), 406; Martin v. Foreman, 18 Ark., 249; Wag. and Car Co. v. Halstead (Iowa), N. W. Rep., 623; Blaisdell v. Lord, 14 N. H., 129; Reneker v. Davis, 10 Rich. (S. C.), 289.

3. When goods in the hands of garnishee are taken and converted by attachment the seizure is illegal and void, and the plaintiff in garnishment may recover of the trespasser the value of the goods. Ronan v. Dewes, 17 Mo., 306; Burlingame v. Bell, 16 Mass., 318; Parker v. Kisman, 8 Mass., 486; Goddard v. Hopgood, 25 Vt., 351 (60 Am. Dec., 272); Rockwood v. Varnum, 17 Pick. (Mass.), 289; Swett v. Brown, 5 Pick. (Mass.), 178; Baumor v. Eason, 12 Heisk. (Tenn.), 417; Arnold v. Linawler, 3 Head (Tenn.), 51; Jones Chat. Mort.; secs. 447, 447a; 4 Wait Act. and Def., p. 708; Burton v. Tannehill, 6 Blackf. (Ind.), 470; Page v. Robinson, 10 Cush. (Mass.), 99.

MARR, JUDGE, *Section A.*—Appellees Leon & H. Blum, as plaintiffs below, brought suit against appellants on July 24, 1889, and in their amended original petition alleged that on November 27, 1888, Leon & H. Blum brought suit in Henderson County against the firm of Reynolds & Liston on two promissory notes, on which they subsequently recovered judgment for $1920.63, and that at the institution of said suit they caused to be issued in said cause a writ of garnishment against C. T. Scott, a resident of Henderson County, and that said writ was duly served on said Scott on November 27, 1888.

That at the time of service of said writ C. T. Scott had in his hands belonging to Reynolds & Liston property subject to garnishment, consisting of a certain stock of goods, wares, and merchandise, of the

value of $1800; that all of said property was subject to the said garnishment then, and was situated in Henderson County; that on December 6, 1888, defendants Focke, Wilkens & Lange also sued Reynolds & Liston, and on same day sued out a writ of attachment against them and levied same upon the stock of goods, wares, and merchandise in the hands of garnishee C. T. Scott, and wrongfully appropriated and converted same to their own use and benefit; that at the date of said seizure the goods were in Henderson County, Texas, and in the actual possession of garnishee C. T. Scott, and that defendants were personally present and acting by their agent Muller, who was then and there present, aiding, directing, and assisting in the seizure, and that defendants well knew that plaintiffs' garnishment had been served, and was valid and subsisting against said property at and before the time of the seizure; that Reynolds and Liston were wholly and notoriously insolvent; that garnishee Scott was in no way liable except as named, and that they were by defendants' trespass wholly deprived of any means of collecting their debt, to plaintiffs' damage $2500, and pray for damage, costs, and general relief.

Defendants Focke, Wilkens & Lange filed, first, their plea of privilege to be sued in Galveston County; second, a general demurrer in the usual form; and third, a general denial.

August 31, 1889, C. T. Scott, by permission, intervened in said cause, and set up that on November 24, 1888, the firm of Reynolds & Liston by a certain valid deed of assignment conveyed to him, for benefit of their creditors, goods, wares, and merchandise of the value of $3000; that he accepted said trust, gave bond, and on said date took the said property in his actual possession; that on December 6, 1888, defendants Focke, Wilkens & Lange wrongfully seized and converted said stock of goods to their own use and benefit; that after his qualification as assignee, and prior to the seizure of goods by defendants, he had been duly served with a writ of garnishment issued out of the District Court of Henderson County in favor of plaintiffs in the case of Leon & H. Blum v. Reynolds & Liston, and also set up an itemized list of the goods taken, and prayed for his damages, costs, and for general relief.

To this defendants Focke, Wilkens & Lange pleaded their privilege to be sued in Galveston, a general demurrer, and general denial, and specially that the deed of assignment to Scott was void. Defendants' plea of privilege and general demurrer to plaintiffs' petition were by the court overruled.

A trial by jury on February 6, 1890, resulted in a verdict in favor of Leon & H. Blum, plaintiffs, for $1500, against defendants Focke, Wilkens & Lange, and that intervenor Scott take nothing. Motion for new trial was overruled and notice of appeal given by both defendants and intervenor, and each file assignments of error.

There is no controversy about the facts of the case as stated in the pleadings. We will first dispose of the plea of intervention interposed in the court below by the assignee C. T. Scott, one of the appellants.

The deed of assignment made to him was signed and sworn to alone by J. H. Reynolds, one of the members of the firm of Reynolds & Liston, composed of said Reynolds and R. J. Liston. The assignment was made for the benefit only of accepting creditors who should execute releases. It did not purport to convey anything other than the firm property or assets (if all of these), and the deed by its terms does not convey and could not have the effect of conveying to the assignee the individual property, subject to execution of R. J. Liston. No judgment was rendered in favor of the plaintiffs in the District Court against the intervenor for any of the property. The assignment was void under the circumstances above enumerated, and the assignee acquired no rights to the possession of the property, etc., in virtue thereof. Still v. Focke, 66 Texas, 715; Baylor County v. Craig, 69 Texas, 330.

The first assignment of error made by the other appellants relates to the action of the court in overruling the exceptions and plea in abatement. It may be that this assignment is not insisted upon, as there is no proposition or statement under it. There was, however, no error committed in this respect. The actual levy of the attachment (not by notice), the seizure and conversion of the property thereunder, at the instance of Focke, Wilkens & Lange, constituted wrongful acts intentionally committed—a trespass—and fixed the venue in the county where the suit was tried, even under article 1198 of the Revised Statutes. Conner v. Saunders, 81 Texas, 633. Besides, jurisdiction is expressly conferred by the Act of March 29, 1889. Gen. Laws 21st Leg., p. 48; and see Acts 20th Leg., p. 49.

The following propositions as made by the appellants last named, under the remaining assignments of error, present the controlling questions upon this appeal, viz.: "The proceedings in garnishment are purely statutory, and are intended alone for the purpose of enabling the plaintiff in garnishment to obtain judgment against the garnishee for the debt or property sought to be reached by the proceedings; and no lien is created on the property held by the garnishee, because "our statutes create no such lien;" hence no cause of action arises in favor of the plaintiff in garnishment against a stranger who trespasses upon the property held by the garnishee in the suit, and the charge of the court in this case to the contrary hereof was error."

These propositions are plausible, but, as we think, in conflict with the current of the authorities. We shall not attempt to review the authorities, nor even to refer to all of them. That would require too much space and more time than is at our command. Those that are accessible to us we have, however, examined. In the present case Scott, the garnishee, was not a debtor, merely owing a sum of

money to Reynolds & Liston, but had in his possession "effects" subject to execution and to the satisfaction of plaintiff's claim, belonging to said debtor firm, at the time of the service of the writ of garnishment upon him. We think that it is important to bear this distinction in mind. The service, or levy of the writ of garnishment, which has been declared by our Supreme Court to be "in such case virtually a process of attachment," had the effect of placing the property of the debtor in the hands of the garnishee at the time in custodia legis, and of creating at least a right ad rem or "quasi lien" upon the effects or property, in favor of the plaintiffs in the writ, to secure the payment of the debt sued upon, and evidenced by a valid judgment, superior to the rights of other creditors subsequently attaching the property.

We have no doubt of the correctness of these conclusions, both upon principle and authority, and to economize space we prefer to state our views mainly in the form of propositions. Harrell v. Cattle Co., 73 Texas, 612; Rev. Stats., arts. 191, 206, 207; Baird v. Trice, 51 Texas, 558; Rev. Stats., art. 3140, sec. 12; Erskine v. Staley, 12 Leigh (Va.), 406; Goddard v. Bridgman, 25 Vt., 350 (60 Am. Dec., 272); Brashear v. West, 7 Pet., 623; Reed v. Fletcher, 24 Neb., 435; Stiles v. Barton, 1 Black, 101; Beaumont v. Eason, 12 Heisk. (Tenn.), 417; Burlingame v. Bell, 16 Mass., 317; Beamer v. Winter (Kans.), 21 Pac. Rep., 1078; Martin v. Foreman, 18 Ark., 249; Ronan v. Dewes, 17 Mo. App., 306; 8 Am. and Eng. Encyc. of Law, sec. 3, p. 1097, and note 1, and p. 1198, and notes; Hannahs v. Felt, 15 Iowa, 141; Kelly v. Dill, 23 Minn., 435; Waples on Attach. and Gar., pp. 593–595.

Before the enactment of Article 179 of the Revised Statutes, which expressly makes the levy of an attachment constitute a lien, it had been repeatedly held and recognized in this State that such was the effect of the levy of the writ, without any such statutory provision. Baird v. Trice, 51 Texas, supra; Cloud v. Smith, 1 Texas, 611; Hillebrand v. McMahan, 59 Texas, 453; Harris v. Dougherty, 74 Texas, 1; 66 Texas, 572. By analogy of reasoning it would follow that the provisions of the Revised Statutes first quoted above are sufficient to invest the plaintiffs in the writ of garnishment with a right ad rem, or at least a "quasi lien," as we have said, in the effects garnished and in the possession of the garnishee at the time of the service of the writ; or in other words, that the execution of the writ under such circumstances gives to the garnishing creditor a paramount right to such property itself as a security for the satisfaction of his demand, and we so hold. Statutes and authorities, supra.

We do not deny that some of the decisions cited from other States are founded upon statutes, but not all of them, or if so the statutory provisions are very similar to our own. "In some States it is held that, as no lien can be acquired by garnishment, an attachment by seizure

of the property in the garnishee's hand will be effectual against any rights acquired by the garnishing creditor (6 Cal., 195); but the trouble with the last position would seem to be, that while the garnishment gives no lien upon specific property, it nevertheless deprives the defendant of all control over it, and the power to assert any right or title thereto as against the plaintiff from the time of the service upon the garnishee, and an attaching creditor who seizes the property while thus situated, if it be subject to seizure at all, can certainly take no greater interest than his debtor had at the time of the levy (of the attachment). It has accordingly been held that such interference with the garnishee's possession is wrongful, and that no lien will be acquired thereby, nor the right of the garnishing creditor be defeated." 8 Am. and Eng. Encyc. of Law, pp. 1201, 1202.

We think that the provisions of our own statutes, as well as the authorities first cited, justify us, as we have above indicated, in going further in favor of the garnishing creditor than the language just quoted would imply; but we approve of the principle announced, that the attaching creditor could acquire no greater right in or to the property than that possessed by the debtor at the time of the levy. Those cases which deny the existence of a lien seem to proceed upon the theory that the liability of the garnishee to the plaintiff, to the extent of the property in his hands, is substituted for any claim upon the property. Encyclopedia, p. 1198, and notes. Such are not the terms of our statutes as we construe them, when the garnishee has "effects" in his possession belonging to the debtor; but we are not required to decide in the present instance whether in any case such garnishee would be liable for the property of which he has been deprived by regular judicial process without his consent, for no judgment has been taken against him in this case. We do not think that this question can affect the liability of the other appellants for the consequences of their wrongful seizure and conversion of the property. In the cases of McGarry v. Coal Company, 93 Missouri, 240, and Bigelow v. Andress, 31 Illinois, 322, the lien was denied upon the grounds of the substituted liability of the garnishee, and because in neither State was there a statutory provision prohibiting the garnishee from disposing of the property after "the service of the garnishment process." Our statute contains such a prohibition in express terms, and declares in effect that the specific property shall be subject to "the satisfaction of plaintiff's demand." Rev. Stats., art. 191. While such a charge upon the property may not be technically a "lien" (1 Jones on Liens, sec. 12), still the right to subject the identical property to the satisfaction of the debt thus recognized leads practically to the same result, and justifies the language of Judge Gaines, that the plaintiff in garnishment has a "quasi lien" upon the effects. The lien would seem to be of as high character as that secured by the levy of an attachment, in the absence

of a statute expressly creating a lien, by reason of the seizure.   Jones on Liens, supra; Waples on Attach. and Gar., pp. 593–595; Harrell v. Cattle Co., supra.   We do not think that the decisions in Noyes v. Brown, 75 Texas, 460, and Arthur v. Batte, 42 Texas, 59, in anywise conflict with the views which we have expressed.   The distinctions between those cases and the present will readily suggest themselves to the legal mind upon an examination of the facts of each.   We regard the precise question in hand as one of first impression in this State.

We now reach the remaining question, Was the suit properly brought? Without hesitation we answer the question in the affirmative.   This would seem to follow almost as a corollary from what has been already decided by us.   It is well settled that a mortgagee or lien holder may sue for a conversion of the mortgaged property or for a trespass upon it.   4 Wait's Act. and Def., p. 708.

Focke, Wilkens & Lange having, with full knowledge of the garnishment proceedings, wrongfully seized and converted the garnished effects to which plaintiffs had the paramount right, and thereby destroyed this security of the plaintiffs, were unquestionably liable for the amount of money which plaintiffs would have realized from the effects in due course of law, as charged by the court below—the judgment debt being greater than the value of the property.   Stiles v. Burton, 1 Black, 101; Backwood v. Varnum, 17 Pick. (Mass.), 289; Beaumont v. Eason, 12 Heisk., 417; Page v. Robinson, 10 Cush., 99; Johnson v. Heidenheimer, 65 Texas, 263; 6 Lawson Rights and Remedies, p. 5011.

Our conclusion is that the judgment ought to be affirmed.

*Affirmed.*