185 P.2d 778

**WILKINSON v. TAKESUYE et al.**

No. 4974.

Supreme Court of Arizona.

Oct. 20, 1947.

J. H. Glenn and Kenneth 'C. Chatwin, both of Phoenix, for appellant.

Jennings & Tenney, of Phoenix, for appellees.

UDALL, Justice.

This suit, tried by the court sitting without a jury, involved a dispute betweer Frank Wilkinson Jr. and Harold Takesuye, two rival claimants in an interpleader action, over $1,050, the proceeds of a fire insurance policy admittedly owed by the Glens Falls Insurance Company, intervenor herein. The fire occurring March 3, 1946 destroyed a packing shed which the Company had insured.

The proceeding was initiated by Wilkinson in order to recover a private debt owing him by one Woodrow Wilson Johns, formerly in business with Takesuye. The debt grew out of three promissory notes executed and delivered by Johns on December 1, 1944 to Wilkinson aggregating, with

interest and attorney's fees, $1,143. Wilkinson recovered judgment against Johns for this amount in the trial court, Johns failing to appear and answer, and from this judgment there is no appeal. The actual dispute in the case is whether or not Johns had any interest in the check from the Glens Falls Insurance Company (made payable to Johns, Takesuye, and the latter's attorneys, Jennings and Tenney) which Wilkinson garnished in hands of the local agent of the insurance company. The insurance company intervened, had the check in question deposited with the clerk of the court, and asked that the various claimants be required to interplead. The case now before us represents Wilkinson's appeal from the action of the trial court in quashing his writ of garnishment made necessary by its finding that Johns had no interest in the insurance proceeds.

Early in 1946 Johns and Takesuye entered into an oral agreement to form a partnership under the name of Western Farmers' Distributors, the purpose of which was to engage in the vegetable shipping business. It was agreed that each would advance $5,000 capital and that in due time the business would be incorporated. The shipping shed in question was acquired by the two men on February 10, 1946 who also took an assignment of the fire insurance policy from the former owner. Johns being unable to raise his portion of the agreed capital dropped out of the business and on April 13, 1946 these men executed a formal written dissolution of the partnership whereby Johns assigned all of his interest in the business to Takesuye in return for which the latter assumed all of the obligations of the company. There were no profits from this partnership venture and, in fact, serious losses occurred. The evidence discloses that Takesuye had invested some $6,000 of his money in the business as against no investment by Johns, and, in addition, Takesuye was called upon to pay an indebtedness of between $12,000 and $15,000 that was incurred during their brief operations.

The learned trial court in its findings of fact stated that: (1) "The obligation found by the Court to exist from Woodrow Wilson Johns to * * * Frank Wilkinson Jr., was not an indebtedness occurring by virtue of the operation of * * * business * * * by Harold Takesuye and Woodrow Wilson Johns * * * but was incurred many months previous to the time the said Woodrow Wilson Johns and Harold Takesuye first commenced their operations under the firm name of Western Farmers' Distributors;" (2) The agreement of settlement and release of April 30, 1946 in which Johns assigned all his interest to Takesuye "was made after said fire occurred, but before any settlement was made with the insurance company." (3) The payment for extensive repairs to the shed necessitated by the fire, "was made out of money advanced by Harold Takesuye".

■ The evidence in the record is clear and compelling in support of these findings. But even if there were only some substantial evidence of this nature in the record, it would be the duty of this court to support the judgment of the trial court. We cannot consider assignments based upon the weight of evidence. Ruth v. Rhodes, Ariz., 185 P.2d 304. This alone is sufficient answer to appellant's assignments one and two based upon the weight of the evidence.

■ Although this court is in no wise bound by the conclusions of law made by the trial court, they are inescapable in this case. Having previously assigned his interest in the assets and liabilities of the business to Takesuye, Johns had at the time of the insurance settlement no interest subject to garnishment or otherwise in the insurance money. And as an attaching or garnishing creditor can gain no greater right over a debtor's property or interest attached or garnished than such debtor had himself, Frank Wilkinson is here entitled to no part of this insurance settlement. Ellery v. Cumming, 40 Ariz. 512, 14 P.2d 709, 83 A.L.R. 1081; Valley Products, Inc., v. Kubelsky, 49 Ariz. 500, 68 P.2d 69.

■ Assignment three to the effect that a creditor garnishor is entitled to notice of the assignment of the debtor's interest to a third person and that without such notice it is a fraud on such creditor garnishor has nothing to do with this case. At the time of the garnishment the debtor had no interest in the property which he could assign, having some 30 days previous divested himself of such interest.

■ Another contention equally without merit is that because the partnership failed to file a certificate with the County Recorder as required by Sec. 58-202, A.C.A.1939, Takesuye was not at liberty to assert his individual rights in this case. This statute merely interdicts "Persons doing business contrary to this section shall not maintain any action upon or on account of any contract made or transactions had in their partnership name * * *." Here the member of the old partnership is defending not prosecuting a claim and there is neither the desire nor the attempt to use the partnership name.

Unquestionably the judgment rendered by the trial court was correct in every particular.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concur.