464 P.2d 604

**MID–STATE ELECTRIC SUPPLY CO., an Arizona corporation, Appellant,**

**v.**

**ARIZONA TITLE INSURANCE AND TRUST COMPANY, an Arizona corporation, and Western Savings and Loan Association, an Arizona corporation, Appellees.**

**No. 9812.**

Supreme Court of Arizona.
In Banc.
Jan. 26, 1970.

Virginia Hash and Alena Cantor, Phoenix, for appellant.

Merrill W. Robbins, Phoenix, for appellee Arizona Title Insurance and Trust Co.

Rawlins, Ellis, Burrus & Kiewit, by William H. Burrus, Phoenix, for appellee Western Savings and Loan Assn.

STEVENS, Judge of the Court of Appeals.

The issues before this Court on this appeal arise out of writs of garnishment served upon the lendor in connection with a construction loan and upon the holder of the builder's escrow.

In early 1964, the Al Ziegler Construction Company, Inc., a corporation, (Ziegler Construction) owned property in the City of Phoenix on which it desired to build an apartment. Ziegler Construction was also the general contractor for the construction of the apartments. Al Ziegler was a stockholder and an officer of Ziegler Construction. Before the trial in question, Ziegler Construction was adjudged bankrupt. In this opinion we will continue to refer to Ziegler Construction.

Ziegler Construction secured a construction loan from Home Savings and Loan Association (Home). Before the trial in question, Home was acquired by the appellee, Western Savings and Loan Association, and in this opinion we will continue to refer to Home.

The proceeds of the loan were not paid by Home directly to Ziegler Construction. These funds were paid into a builder's escrow established with the Arizona Title Insurance and Trust Company, a corporation (Arizona Title). The builder's escrow related to only the one construction project. Those who were entitled to receive funds in connection with the construction of the apartment received them from Arizona Title.

The building loan with Home and the builder's escrow with Arizona Title were, in many ways, similar to the financial arrangements we find outlined in Pioneer Plumbing Supply Company v. Southwest Savings and Loan Association, 102 Ariz. 258, 428 P.2d 115 (1967). The loan with Home was surrounded with conditions. Home was not obligated to transmit money to Arizona Title until Home was satisfied that certain phases of the construction had been satisfactorily completed. Arizona Title would not disburse the funds received from Home unless the disbursement was approved by Al Ziegler and then only if the funds which he authorized to be disbursed were within the written contracts which Ziegler Construction had entered into with the various persons and companies supplying labor and material for the construction. Arizona Title could refuse to disburse funds on other grounds as well. These matters were all matters of contract as was the situation in the Pioneer Plumbing Case.

Eastern Electric Company (Eastern) entered into a written contract with Ziegler Construction to do the electrical work. The plaintiff-appellant, Mid-State Electric Supply Co., a corporation (Mid-State), was Eastern's supplier. On or about 25 May 1964 and before the construction was completed, Eastern ceased doing business and Mid-State sold electrical supplies directly to Ziegler Construction, the latter undertaking to complete the electrical work. Before the trial in question, Mid-State was adjudged bankrupt and in this opinion we will continue to refer to Mid-State.

Mid-State, as plaintiff, filed two lawsuits in the Superior Court. Cause No. 165341, which we will refer to as the garnishment action, was filed on 18 August 1964. Cause No. 171834, which we will refer to as the lien action, was filed on 17 February 1965. The two actions were consolidated for trial and the judgment entered following the consolidated trial was a single written instrument.

The garnishment action was in two counts. Ziegler Construction was the sole defendant. The first count was for Three Thousand, Ninety-Nine and 84/100 ($3,-099.84) Dollars in relation to alleged credit extended by Mid-State to Eastern while Eastern was active in the building project and allegedly guaranteed by Ziegler Construction. The second count was for Nine Thousand, Seven Hundred Five and 83/100 ($9,705.83) Dollars and was based upon

Mid-State's claim of furnishing materials to Ziegler Construction after Eastern withdrew from the construction project. At the trial no guarantee agreement was introduced into evidence. There was no written contract in relation to the Mid-State arrangements with Ziegler Construction.

At the time suit was filed there were separate writs of garnishment against Home and Arizona Title. These garnishees answered "no indebtedness" and their answers were not controverted, thereby becoming final. On 25 November 1965, Mid-State caused separate writs of garnishment to be served on Home and on Arizona Title, each writ seeking the sum of Twelve Thousand, Eight Hundred Thirty-Six and 60/100 ($12,836.60) Dollars.

Arizona Title filed its answer in garnishment on 22 December and Home filed its answer in garnishment on 23 December. Arizona Title admitted holding some Twenty-Five Hundred ($2,500.00) Dollars, asserting that the same was being held subject to prior assignments. Home answered "no indebtedness." Thereafter Home sent to Arizona Title an additional Seventeen Thousand ($17,000.00) Dollars. This money was disbursed by Arizona Title. No portion thereof was disbursed to Ziegler Construction. Issue was joined on the answers in garnishment and at the time of trial Arizona Title held Two Thousand, Nine Hundred Twenty-Two and 29/100 ($2,922.29) Dollars in the builder's escrow.

Count One of the lien action was a typical lien foreclosure action with multiple defendants. The claimed lien was filed and recorded on 17 August 1964. The action was filed within the six-month period from that date. Count Two of this complaint stated a claim for relief against Arizona Title seeking to recover from Arizona Title the full sum of Twelve Thousand, Eight Hundred Thirty-Six and 60/100 ($12,836.60) Dollars. Count Two alleged that in disbursing the funds after the 25 November 1964 writ of garnishment was served, Arizona Title violated its duties "as trustee for this plaintiff and others

who supplied materials and labor which were used in the construction of said improvements."

At the time of trial there was testimony to the effect that not all of the materials furnished by Eastern and by Mid-State found their way into the construction. The single judgment document which was entered dismissed the lien action thus finding an absence of sufficient proof in support of the lien foreclosure count as well as an absence of sufficient proof in support of the count against Arizona Title. There was no appeal from these portions of the judgment and the judgment is final as to Cause No. 171834.

The judgment found in favor of Mid-State and against Ziegler Construction in the sum of Three Thousand, One Hundred Thirty and 76/100 ($3,130.76) Dollars on Count One and in the further sum of Nine Thousand, Seven Hundred Five and 83/100 ($9,705.83) Dollars on Count Two. Judgment was rendered against Arizona Title in connection with the garnishment in the sum of Two Thousand, Nine Hundred Twenty-Two and 26/100 ($2,922.26) Dollars, subject to an allowance for attorneys' fees and in favor of Home on the garnishment against Home. Mid-State has appealed from the judgment insofar as Mid-State was denied full recovery on its writs of garnishment against Arizona Title and Home. There was a cross-appeal on behalf of Arizona Title in relation to the amount allowed to Arizona Title for attorneys' fees in connection with the garnishment matter, but it has been abandoned.

This Court will not amend the contracts to which Home and Arizona Title were parties, a principle established in the Pioneer Plumbing case. Mid-State urges that Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962) requires a reversal. The appellees urge that Weir is not applicable.

We set forth a few guiding principles which apply to garnishments.

■ The rights of the garnishor-creditor to the assets in the hands of the garnishee are no greater than the rights of

the defendant-debtor to those assets. Peevey v. Dickson, 26 Ariz. 212, 224 P. 808 (1924); Gillespie Land and Irrigation Company v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945); Wilkinson v. Takesuye, 66 Ariz. 205, 185 P.2d 778 (1947); and Valley National Bank of Arizona v. Hasper, 6 Ariz.App. 376, 432 P.2d 924 (1967).

The garnishee who disposes of assets after the service of the writ and the filing of the garnishee's answer does so at its peril. The assets so held must be retained subject to the judgment of the court as to the ultimate disposition thereof. A. R.S. §§ 12–1574 subsec. A and 12–1578; and Linder v. Lewis, Roca, Scoville & Beauchamp, 85 Ariz. 118, 333 P.2d 286 (1958).

The party contesting the answer of the garnishee has the burden of proof. A. N.S. Properties, Inc. v. Gough Industries, Inc., 102 Ariz. 180, 427 P.2d 131 (1967).

As before stated, from and after the service of the writs and the filing of the answers in garnishment, neither Home nor Arizona Title disbursed any funds to Ziegler Construction. The evidence does not disclose that Ziegler Construction became entitled to any further funds after the service of the writs on 25 November 1964.

In addition to the principles of contract law set forth in the Pioneer Plumbing case, we are concerned with the application of the Weir decision. In Weir, this Court gave consideration to a collection escrow involving a land contract with fixed future, non-contingent payments. In the case now under consideration all future disbursements from Home to Arizona Title, subject to the loan maximum, were conditional. The contract requires that judgment be exercised by Home and this rendered the future disbursements from Home to Arizona Title contingent and conditional. Arizona Title's disbursements were also conditional. As before stated no por-

tion of the monies held or received by Arizona Title after the writ was served became due to Ziegler Construction or was paid to Ziegler Construction after the service of the writ. There is no proof of any monies which had become due to Eastern and had not been paid prior to the takeover by Mid-State.

Mid-State urges that the contract provision which states that the Home agreement with Ziegler Construction could not be terminated without the written consent of Arizona Title changed the status of the arrangements. We do not agree. Arizona Title had undertaken contractual obligations and it is only reasonable that it should protect its position with such a contract provision.

After the writs of garnishment and before Home and Arizona Title disbursed the last Seventeen Thousand ($17,000.00) Dollars, Ziegler Construction, together with Mr. and Mrs. Ziegler, entered into an indemnity agreement with Home and Arizona Title guaranteeing to hold these companies harmless in disbursing funds. It is urged that this affirmatively discloses that the funds were the assets of and under the sole control of Ziegler Construction. We do not agree. We have held earlier in this opinion that Home and Arizona Title were on sound legal grounds in making the disbursements which they made after the writs of garnishment. Their legal position was not changed by being cautious and securing an indemnity agreement.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.

LORNA E. LOCKWOOD, C. J., having requested that she be relieved of consideration in connection with this opinion, The Honorable HENRY S. STEVENS, Judge of the Court of Appeals, was called to sit in her stead.