700 P.2d 1342

Obadiah JACKSON and Charletta Jackson, husband and wife, Plaintiffs-Appellees,

v.

PHOENIXFLIGHT PRODUCTIONS, INC., an Arizona corporation; Barry B. Denenberg and Jane Doe Denenberg, his wife, individually and as officers, directors and stockholders of Phoenixflight Productions, Inc., John Does I–V; and ABC Corporations I–V., Defendants,

and

Celebrityflight Productions, Inc., an Arizona corporation, Garnishee,

and

Seatamatic Ticket Services of Diamonds, Garnishee Defendant,

and

Valley National Bank, Garnishee Defendant,

and

Arizona Department of Revenue, Intervenor-Appellant.

No. 17644–PR.

Supreme Court of Arizona, En Banc.

May 28, 1985.

Friedl & Richter by William J. Friedl, Phoenix, for plaintiffs-appellees.

Robert K. Corbin, Atty. Gen., John A. Muirhead Asst. Atty. Gen., Tax Div., Phoenix, for intervenor-appellant.

GORDON, Vice Chief Justice:

This petition for review arises out of a garnishment proceeding commenced by plaintiffs, Obadiah and Charletta Jackson, to recover an unpaid debt from defendant Phoenixflight Productions, Inc. The primary issue raised in this appeal is whether a garnishment lien exists in Arizona

against a debt owed by a garnishee to the principal debtor-defendant. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5 and Ariz.R.Civ.App.P. 23.

Plaintiffs recovered a judgment against Phoenixflight Productions, Inc. for an unpaid debt. Celebrityflight Productions, Inc. (hereafter "Celebrityflight") owed a debt to Phoenixflight which plaintiffs attempted to garnish. Accordingly, on April 2, 1981 plaintiffs obtained a default garnishment judgment against Celebrityflight. Celebrityflight, however, was insolvent. After discovering that Valley National Bank (hereafter the "Bank") and Seatamatic Ticket Services of Diamonds (hereafter "Diamonds") owed money to Celebrityflight, plaintiffs served writs of garnishment on the Bank and Diamonds on April 8, 1981 to procure payment of the debt. One week later, on April 15, plaintiffs recorded their default judgment against Celebrityflight with the Maricopa County Recorder, but did not record the writs of garnishment. On May 22, 1981, the trial judge dismissed Celebrityflight's motion to vacate the default judgment but failed to enter a formal judgment of garnishment. Before the trial judge could sign the formal garnishment judgment, the Arizona Department of Revenue (hereafter the "Department") filed a notice of tax lien against Celebrityflight on June 1, for delinquent taxes. Additional notices of tax lien were filed against Celebrityflight on June 2 and 10. Thereafter, the Department was allowed to intervene in plaintiffs' garnishment proceeding.

At the conclusion of the garnishment proceeding, the trial court concluded that plaintiffs obtained garnishment lien rights against defendants-garnishees, the Valley National Bank and Seatamatic Ticket Services of Diamonds superior to the Department's lien. The Court of Appeals, 145 Ariz.App. 248, 700 P.2d 1348 (1985), reversed, holding that the Department's tax lien was prior to plaintiffs' garnishment lien. The Court of Appeals disagreed with

the trial court's conclusion that a writ of garnishment by itself created a garnishment lien, but concluded that service of the writs coupled with a judgment against the defendant-debtor created a garnishment lien. The Court of Appeals, however, went on to conclude that a garnishor must record both his writ and judgment against defendant debtor to gain priority over a tax lien subsequently recorded pursuant to A.R.S. § 42–1824(B). In this case, since plaintiffs did not record their writs of garnishment (only their default judgment) prior to the Department's tax levy on June 1st, plaintiffs did not establish priority over the Department's tax liens.

In their petition for review, plaintiffs argue that service of their writs and recordation of the default judgment against the defendant-debtor, Celebrityflight, established a garnishment lien prior in time to the Department's tax lien. The Department, on the other hand, argues that neither service of a writ of garnishment, nor service of a writ coupled with a judgment against the defendant-debtor creates a garnishment lien in Arizona.

We hold that service of a writ of garnishment coupled with a judgment against the debtor does not give rise to a garnishment lien in Arizona. We therefore vacate the Court of Appeals opinion to clarify this issue.

I

Does service of a writ of garnishment create a lien against a debt owed by the garnishee to a defendant-debtor?

▮▮▮ Garnishment is a creature of statute and is strictly governed by the terms of the statute creating the remedy. *State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967); *Davis v. Chilson*, 48 Ariz. 366, 62 P.2d 127 (1936). Thus, a lien must be prescribed by the garnishment statutes; otherwise, none exists. *See Mervyn's, Inc. v. Superior Court*, 144 Ariz. 297, 697 P.2d 690 (1985); *Patrick v. Associated Dry Goods Corp.*, 20

Ariz.App. 6, 509 P.2d 1043 (1973). Of course, in construing the garnishment statutes to determine if a garnishment lien exists, the primary duty of this Court is to determine the intent of the Legislature at the time the statutes were enacted. *Putvain v. Industrial Commission of Arizona*, 140 Ariz. 138, 680 P.2d 1199 (1984); *Bushnell v. Superior Court*, 102 Ariz. 309, 428 P.2d 987 (1967).

■ The Arizona garnishment statutes, A.R.S. §§ 12–1571–12–1604, do not expressly or impliedly create a garnishment lien on debts garnished upon service of a writ of garnishment. The garnishment statutes specifically dealing with service of the writ of garnishment, A.R.S. §§ 12–1571 and 12–1574, do not mention a garnishment lien upon a debt. Where the language of the Legislature is clear and leaves no opportunity for interpretation, the language must be followed. *Collins v. Stockwell*, 137 Ariz. 416, 671 P.2d 394 (1983); *Ross v. Industrial Commission*, 112 Ariz. 253, 540 P.2d 1234 (1975). We will not judicially legislate a garnishment lien where none is provided for by the garnishment statutes.

■ Furthermore, we note that the Arizona garnishment statutory scheme was primarily adopted from Texas.[1] A statute which is adopted from another state will be presumed to have been adopted with a construction previously placed upon it by the courts of that state. *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974); *In Re McConnell's Estate*, 101 Ariz. 538, 421 P.2d 895 (1966). Prior to the adoption of our garnishment statutes, the only case we have found discussing garnishment liens relating to debts in Texas is *Focke v. Blum*, 82 Tex. 436, 17 S.W. 770 (Texas 1891). In *Focke*, the Texas Supreme Court concluded that although service of the writ may create a "lien" on "effects" no lien arises against a debt:

"In the present case, Scott, the garnishee, was not a debtor, merely owing a sum of money to Reynolds & Liston, but had in his possession 'effects' subject to execution, and to the satisfaction of plaintiffs' claim, belonging to said debtor firm, at the time of the service of the writ of garnishment upon him. *We think that it is important to bear this distinction in mind.* The service or levy of the writ of garnishment, which has been declared by our supreme court to be 'in such case virtually a process of attachment,' had the effect of placing the property of the debtor in the hands of the garnishee at the time in *custodia legis*, and of creating at least a right *ad rem* or *'quasi lien'* upon the effects or property in favor of the plaintiffs in the writ to secure the payment of the debt sued upon, (and evidenced by a valid judgment,) superior to the rights of other creditors subsequently attaching the property."

17 S.W. at 771 (emphasis added). This view was re-affirmed, after the passage of our garnishment statutes, in *Gulf National Bank v. Bass*, 177 S.W. 1019 (Tex.Civ. App.1915):

"When the writ of garnishment reaches effects, the statute authorizes a judgment requiring the garnishee to deliver such effects to the sheriff to be sold in satisfaction of the judgment. Our courts have held that in such cases a lien or quasi lien similar to an attachment lien is created upon such effects. But this is a case in which a debt is sought to be reached by garnishment, and no lien is created thereon by service of the writ, but a money judgment may be taken against the garnishee (if the debt is subject to garnishment), which judgment is to be enforced like other judgments."

177 S.W. at 1022 (citing *Focke v. Blum, supra*). See *Hayward Lumber & Inv. Co. v. Graham*, 104 Ariz. 103, 449 P.2d 31 (1968) (construction of statutes adopted substantially verbatim from another state are persuasive).

---

1. See Historical Note following garnishment statutes, A.R.S. §§ 12–1571 *et seq.*

Additionally, we note that an express lien is provided when a writ of attachment is levied upon property pursuant to A.R.S. § 12–1532.[2] This code provision was adopted from Texas at the same time our garnishment scheme was adopted from Texas. See 1901 Civil Code § 358. *Cf. Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984) (presumption that the Legislature, when passing a statute, knows existing law). When the Legislature adopted the attachment statute expressly providing for a lien and at the same time adopted the garnishment statutes without expressly or impliedly creating a lien on a debt, there is a strong inference that the Legislature considered and rejected a garnishment lien against a debt.

■ Instead of creating a lien, we believe that the effect of a writ of garnishment is to impound any asset or property of defendant which is found in the garnishee's hands pending resolution of the merits of the garnishor's claim. *Kuffel v. United States*, 103 Ariz. 321, 441 P.2d 771 (1968). After service of the garnishment writ, a garnishee who disposes of assets does so at his own peril and will be subject to liability. A.R.S. § 12–1578. *Mid-State Electric Supply Co. v. Arizona Title Ins. & Trust Co.*, 105 Ariz. 321, 464 P.2d 604 (1970). Thus, the writ controls the funds owed to the principal debtor by the garnishee to assure that it is applied to the payment of the garnishor's judgment against the debtor.

Citing *Kuffel v. United States, supra,* the Court of Appeals determined that a writ of garnishment creates an inchoate lien against a debt. We do not read *Kuffel* as so holding. Instead, *Kuffel* emphasized that the writ itself constitutes, at most, a *lis pendens* notice to the garnishee of his duty to hold the funds pending judgment on the garnishor's claim so the garnishor may have funds available to satisfy his claim without fear that they would be dissipated. We therefore disagree with the Court of Appeals that service of a writ creates a garnishment lien, inchoate or otherwise.[3]

The first expression of our Legislature on garnishment liens against debts occurred in 1984 with the amendment of A.R.S. § 12–1585 in which the Legislature expressly created a lien against earnings:

"**§ 12–1585. Judgment against garnishee; lien on earnings.**

"A. If it appears from the answer of the garnishee, or otherwise, that the garnishee was indebted to the defendant in any amount other than for disposable earnings when the writ was served, the court shall give judgment for the plaintiff against the garnishee for the amount so admitted or found to be due the defendant from the garnishee unless the amount exceeds the plaintiff's judgment against the defendant in which case it shall be for the amount of such judgment.

"B. If it appears from the answer of the garnishee that the garnishee was in-

2. "**A.R.S. § 12–1532. Levy of attachment as lien on property; satisfaction of lien.**
"**A.** The levy of the writ of attachment upon any property of defendant subject thereto is a lien from the date of the levy on the real property and on such personal property as remains in the custody of the attaching officer and on the proceeds of such personal property as is sold.
Section 358 of the Civil Code of 1901 from which A.R.S. § 12–1532 evolved reads:
"358. (Sec. 27.) The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on, and on such personal proper-

ty as remains in the hands of the attaching officer, and on the proceeds of such personal property as may have been sold."

3. The Court of Appeals cited several cases for the proposition that an inchoate garnishment lien arises in Arizona when the writ of garnishment is served and becomes choate upon a judgment against the debtor. *See United States v. Acri*, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); *United States v. City of New Britain, Connecticut*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). These cases were decided based on federal law and apply only when a federal tax lien is involved.

debted to the defendant for disposable earnings when the writ was served, the garnishment shall be continuing in nature as a lien against nonexempt earnings. The lien shall lapse on the occurrence of any of the conditions prescribed in § 12–1590, subsection A, paragraph 3."

1984 Ariz.Sess. Laws Ch. 258, § 9. At this time, the Legislature could have extended the garnishment lien to other forms of indebtedness, but chose not to do so.

■ We thus hold that service of plaintiffs' writs of garnishment did not create *any* lien upon the indebtedness owed by the garnishees to the principal debtor.

## II

Did plaintiffs' service of their post judgment garnishment writs create a lien against the debts?

■ The Court of Appeals held that although service of the writ by itself did not establish a choate garnishment lien, service of the writs gave rise to an inchoate or incomplete lien which became choate upon rendition of a judgment against the defendant-debtor. We disagree. Service of a writ creates no lien, choate or inchoate, upon indebtedness.[4] Instead, we conclude that it is not until a plaintiff obtains a judgment against the garnishee and executes upon that judgment that a lien is created. See *Newberry v. Meadows Fertilizer Co.,* 203 N.C. 330, 166 S.E. 79 (1932); *Hulley v. Chedic,* 22 Nev. 127, 36 P. 783 (1894); *see also* 38 C.J.S. Garnishment § 181 (1943). Both *Newberry* and *Hulley* concluded that because a debt is intangible property, no lien is acquired against any specific property of the garnishee by judgment against him. Further, in such a case, a lien can only be acquired by the issuance of an execution on the judgment and proceedings to enforce that judgment.

Our conclusion is in accord with that reached by Texas courts, whose decisions are persuasive. *See Cottonwood Development v. Foothills Area Coalition of Tucson, Inc.* 134 Ariz. 46, 653 P.2d 694 (1982) (where statute is adopted from another state, cases construing statute persuasive); *accord, City of Phoenix v. Superior Court,* 109 Ariz. 533, 514 P.2d 454 (1973). *Gulf National Bank, supra,* concluded that a judgment against the garnishee is a money judgment which is "to be enforced like other judgments." *Daniel v. East Texas Theaters,* 127 S.W.2d 240, 242 (Tex. Civ.App.1939) similarly indicated that a lien against a garnished debt does not arise until a judgment against the garnishee is executed upon:

"The effect of a writ of garnishment is to impound any monies or property held by the garnishee belonging to the defendant debtor. The writ fixes a lien, in favor of the plaintiff below, on property thus impounded, and if a debt is impounded, a money judgment may be taken against the garnishee which may be enforced like any other judgment." (citation omitted)

■ We thus find that service of a writ of garnishment and a judgment against the judgment debtor does not give rise to a lien against a debt owed by the garnishee to the debtor. Since plaintiff's writ and judgment did not create a lien, plaintiff did not gain priority over the state tax liens. The judgment of the trial court is reversed and remanded for entry of judgment in accordance with this opinion. The opinion of the Court of Appeals is vacated.

HOLOHAN, C.J., and HAYS and CAMERON, JJ., concur.

Justice STANLEY G. FELDMAN did not participate in the determination of this matter.

---

**4.** Plaintiffs alternatively argue that their judgment against defendant-debtor Celebrityflight constituted an inchoate judgment lien which was rendered choate by service of the writs. We disagree. A judgment against the defendant debtor is merely a money judgment and does not create a lien. *See McClanahan v. Hawkins,* 90 Ariz. 139, 367 P.2d 196 (1961); *Tway v. Payne,* 55 Ariz. 343, 101 P.2d 455 (1940).