772 P.2d 589

**STATE of Arizona, Appellee,**

v.

**Ricardo Gutierrez FLORES, Appellant.**

**No. 1 CA–CR 12012.**

Court of Appeals of Arizona,
Division 1, Department B.

April 11, 1989.

**236**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GREER, Presiding Judge.

Defendant Flores was convicted by a jury of second degree burglary, a class 3 felony, and public sexual indecency, a class 1 misdemeanor. He was acquitted on a misdemeanor theft count. The facts adduced at trial were brief and follow.

### FACTS

Early one morning, the victim went to investigate movements in her apartment and discovered defendant standing in the kitchen area stroking his exposed penis. The victim ran past the intruder, pushed him to the side, and moved toward her purse where a can of mace was attached to her key chain. Before she could get to the purse, however, defendant ran out of the apartment. She then noticed her wallet was missing from her purse.

After the victim contacted the apartment manager, the police were notified, who arrived about twenty minutes later and interviewed the victim. The victim provided police with a physical description of defendant. She indicated he was possibly a groundskeeper because of his clothing and the fact that an unattended lawn mower was near her apartment. A lawn crew was assembled, and the victim positively identified defendant as the intruder. Shortly after the incident, the victim's wallet was found in a laundry room. About the same time of the incident, a witness had seen defendant in the area of this laundry room.

After the jury returned its verdicts, defendant agreed to admit to two prior felony convictions in exchange for dismissal of the allegation that defendant committed the present offenses while on parole. The trial court accepted defendant's admissions and imposed the presumptive term of 11.25 years for the burglary conviction and 159

days in jail for the misdemeanor conviction of public sexual indecency, to be served concurrently. Defendant was credited with time served.

On appeal, defendant contends:

(1) the prosecutor improperly commented on the defendant remaining silent;

(2) the trial court should have allowed an exculpatory hearsay statement into evidence;

(3) the use of defendant's prior convictions was improper because no showing was made defendant was represented by counsel on these priors; and

(4) the trial court should have granted defendant's motion for judgment of acquittal on the public sexual indecency count, as the evidence was insufficient.

## COMMENT ON DEFENDANT REMAINING SILENT

During cross-examination of the investigating officer, defense counsel questioned the sufficiency and procedure of the officer's investigations. During redirect examination, the following exchange transpired:

Q. Officer Juharos, did you take prints from other areas of the door as well as the area 22 inches up?

A. Yes.

Q. And where were they taken from?

A. Up around the handle, inside and outside on the frame.

Q. And when you arrested the defendant, was he read his *Miranda* rights?

A. Yes, he was read his *Miranda* rights at the station.

Q. Okay.

PROSECUTOR: No further questions.

THE COURT: Any recross.

DEFENSE COUNSEL: No, Your Honor.

Defense counsel moved for a mistrial based on this exchange, claiming a violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The trial court offered a cautionary instruction, which was refused by defense counsel, and then denied the motion for mistrial.

A prosecutor is prohibited from suggesting an accused is guilty simply because he invoked his *Miranda* rights. *State v. Moore*, 112 Ariz. 271, 540 P.2d 1252 (1975). However, in this case, as in *Moore*, no evidence established the defendant's election to remain silent or his refusal to cooperate with the police; hence, we find no error.

Most jurors today surely know it is common police practice to inform a suspect of his Miranda rights and the fact that the defendant here, who was voluntarily turning himself in, giving the gun to the police, was in fact read his Miranda rights should come as no surprise. Under the circumstances, this was neither error nor prejudicial.

*Id.*, 112 Ariz. at 274, 540 P.2d at 1255. Later, in *State v. Mann*, 117 Ariz. 517, 519, 573 P.2d 917, 919 (App.1977), the court stated that, in situations where the prosecution has made reference to defendant being aware of the *Miranda* rights, the test for error is whether the remarks called the jury's attention to the fact the defendant has not testified in his own behalf.

In this case, it is clear the prosecutor's question and the answer by the witness did not focus the jury's attention on defendant's alleged exercise of his right to remain silent. Although it is probative of no relevant fact and, therefore, preferable to avoid such reference, mere mention of the fact the defendant was advised of his *Miranda* rights under these circumstances was not reversible error. *Moore*, 112 Ariz. 271, 540 P.2d 1252.

## EXCULPATORY HEARSAY STATEMENT

During trial, defense counsel made an offer of proof. A civilian witness overheard defendant tell a police officer at the scene he saw someone go between buildings and over the fence at about the time of the incident. The trial court granted the state's motion *in limine*, precluding defense counsel from eliciting this statement. Defendant contends that, in light of the testimony indicating defendant was aware

of his *Miranda* rights, it was imperative the jury be allowed to hear defendant's statement when confronted by the police. Defendant asserts the prosecutor's questioning about the *Miranda* rights opened the door to the proffered testimony, even though defendant's statement was made prior to the *Miranda* warnings. We disagree.

 A trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion. *State v. Robles*, 135 Ariz. 92, 94, 659 P.2d 645, 647 (1983). Defendant argues for the first time on appeal that his statement was admissible as an excited utterance. Because this argument is raised for the first time on appeal, we need not address it. *State v. Burton*, 144 Ariz. 248, 697 P.2d 331 (App. 1985). Even if not waived, however, no evidence indicated that defendant was excited or startled when confronted by police. As such, we cannot conclude the trial court abused its discretion in precluding the admissibility of the statement. *See State v. Conn*, 137 Ariz. 152, 669 P.2d 585 (App. 1982), *aff'd in part and remanded on other grounds*, 137 Ariz. 148, 669 P.2d 581 (1983); *State v. Rivera*, 139 Ariz. 409, 678 P.2d 1373 (1984). Nor did the trial court abuse its discretion in precluding the admissibility of the statement under the catch-all provisions of Rule 804(b)(5), Arizona Rules of Evidence, since the statement did not carry with it particularized guarantees of reliability or trustworthiness. *See State v. Robinson*, 153 Ariz. 191, 201, 735 P.2d 801, 811 (1987); *State v. Ramirez*, 142 Ariz. 171, 176–77, 688 P.2d 1063, 1068–69 (1984).

## USE OF DEFENDANT'S PRIOR CONVICTIONS

 During sentencing, the trial court did not determine whether defendant was represented by counsel in the prior proceedings. Because the record clearly states defendant was represented by Caryl Preusch–Sanchez on both prior convictions, use of the priors was not improper, and therefore, not error.

However, even if the record were silent regarding representation, the supreme court held in *State v. Anderson*, 160 Ariz. 412, 773 P.2d 971 (1989) that a prior conviction, not challenged in the trial court as an uncounseled conviction, is entitled to a *presumption of regularity* for purposes of sentence enhancement.

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE PUBLIC SEXUAL INDECENCY COUNT

Defendant was charged in Count II with having "intentionally or knowingly engaged in an act of *sexual intercourse* and was reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act, in violation of A.R.S. §§ 13–1401, 13–1403, 13–3821, 13–707 and 13–802." (Emphasis added.)

At the conclusion of the state's case, defendant moved for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure, contending that "sexual intercourse" as used in the public indecency statute, A.R.S. § 13–1403(A)(3), covered only those situations where masturbation occurred between individuals. At trial and on appeal, defendant contends his conviction cannot stand because the evidence was clear he was acting alone and did not engage in an act of "sexual intercourse" as contemplated by A.R.S. § 13–1401(3). We agree.

The state argues the definition of sexual intercourse is broad enough to encompass persons acting alone. The state contends that language in *State ex rel. Hamilton v. Superior Court*, 128 Ariz. 184, 624 P.2d 862 (1981), indicating that sexual intercourse as defined in A.R.S. § 13–1401(3) contemplates the involvement of at least two people, is dictum and, therefore, not controlling.

The supreme court in *Hamilton* decided the constitutionality of A.R.S. § 13–1403. At issue was paragraph (1) as well as the definition of "sexual contact." In discussing the constitutionality of the statute, the court noted:

We believe that it is clear that the statute can be violated by one person acting alone, as was the case here, with one or more people watching. *The statute is not concerned with sexual intercourse,* as defined in A.R.S. § 13–1401(3) *which would require at least two persons,* but actions by one (or more) in public that may be seen or observed by others. *Id.,* 128 Ariz. at 186, 624 P.2d at 864 (emphasis added). Although the court's statement may have been dictum in *Hamilton,* we conclude it is a correct statement of the law in the case now before us.

While A.R.S. § 13–1403 is designed to protect the public from shocking and embarrassing displays of sexual activities, masturbating oneself in the presence of another is not contemplated by subsection (A)(3).

A.R.S. § 13–1401(3) (1988) states:

'Sexual intercourse' means penetration into the penis, vulva or anus by any part of the body or by any object or manual masturbatory contact with the penis or vulva.

We find the term "sexual intercourse" as defined in A.R.S. § 13–1401(3) to be ambiguous. Only where a statute is ambiguous or unclear is a court at liberty to resort to rules of statutory interpretation. *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). Because the state argues that manual masturbatory contact by one person acting alone constitutes "sexual intercourse" under the statute, we acknowledge the interpretation of "sexual intercourse" in A.R.S. §§ 13–1401(3) and 13–1403(A)(3) may be uncertain. An ambiguity may be found to exist where there is uncertainty as to the meaning of the terms of a statute. *Sweet,* 143 Ariz. at 269, 693 P.2d at 924. Accordingly, we discuss rules of statutory interpretation.

In construing a statute, courts should give the statute a sensible construction which will accomplish legislative interest and purpose, and which will avoid absurd results. *Lake Havasu City v. Mohave County,* 138 Ariz. 552, 557, 675 P.2d 1371, 1376 (App.1983); *State v. Schoner,* 121 Ariz. 528, 530, 591 P.2d 1305, 1307 (App.1979). The legislative intent can be discovered by an examination of the development of a particular statute. *Sweet,* 143 Ariz. at 271, 693 P.2d at 926. No prior related law exists on which we can rely in interpreting A.R.S. § 13–1401(3). Consequently, we direct our attention to the report of the Arizona Criminal Code Commission, which provides the sources from which our present Criminal Code is derived.

A.R.S. § 13–1401 was adapted in part from the Delaware Criminal Code,[1] the Hawaii Penal Code,[2] the Texas Penal Code,[3] and the Kentucky Penal Code.[4] These jurisdictions, without exception, define "sexual intercourse" as occurring *between* individuals. Other jurisdictions also define the term "sexual intercourse" in a manner consistent with its ordinary meaning.[5] A statute adopted from another state

1. The Delaware Code defined "sexual intercourse" as "any act of coitus *between* male and female...." Del.Code Ann. tit. 11, § 773(b) (1979) (emphasis added). Subsequently, 65 Del. Laws, c. 494 (1986) amended and re-enacted subpart (D) of the Delaware Code, substituting present §§ 761 to 775 for former §§ 761 to 773. The present § 761 defines "sexual intercourse" as meaning "any act of *physical union* of the genitalia or anus *of [one] person with* the mouth, anus or genitalia of *another person.*" Del.Code Ann. tit. 11 § 761(e) (1988) (emphasis added).

2. The Hawaii Penal Code defines "sexual intercourse" as "sexual intercourse in its *ordinary meaning* or any intrusion or penetration, ... of any part of a person's body, ... into the genital opening of another person...." Haw.Rev.Stat. § 707–700(7) (1985) (emphasis added).

3. The Texas Penal Code defines "sexual intercourse" as meaning "any penetration of the female sex organ by the male sex organ." Tex.Penal Code Ann. § 21.01(3) (Vernon 1974).

4. The Kentucky Penal Code defines "sexual intercourse" as "sexual intercourse in its *ordinary sense* but is limited to sexual intercourse *between persons* not married to each other...." Ky.Rev.Stat.Ann. § 510.010(9) (Michie 1988) (emphasis added).

5. The state of Washington Criminal Code dictates that "sexual intercourse (a) has its *ordinary meaning* and occurs upon any penetration, ... and (b) [a]lso means any penetration ... when committed on *one person by another,* ... and (c) [a]lso means any act of sexual contact *between* persons ..." Wash.Rev.Code § 9A. 44.010(1) (1989) (emphasis added.)

is·presumed to have been adopted with a construction previously placed upon it by the courts of that state. *Jackson v. Phoenixflight Productions, Inc.*, 145 Ariz. 242, 245, 700 P.2d 1342, 1345 (1985). Since case law interpreting A.R.S. § 13-1401 is sparse, and because the statute is modeled after other state statutes cited herein, we adopt their construction in interpreting our statute. Moreover, the words of a statute are to be given their ordinary meaning, unless it appears from the context a different meaning should control. *Schoner*, 121 Ariz. at 530, 591 P.2d at 1307. "Sexual intercourse" ordinarily means heterosexual relations between individuals. *Webster's New Collegiate Dictionary* (9th ed. 1986).

■ A strong presumption ·exists that legislatures do not create statutes containing provisions which are redundant or trivial. *State v. Kozlowski*, 143 Ariz. 137, 138, 692 P.2d 316, 317 (App.1984). A.R.S. § 13-1401(2) (1988) defines "sexual contact" as:

> any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast.

If we construe A.R.S. § 13-1401(3) as the state contends it should be interpreted, there would be no difference between "sexual contact" as defined by A.R.S. § 13-1401(2) and the latter part of A.R.S. § 13-1401(3) which defines "sexual intercourse" as "manual masturbatory contact." We find the legislature did not intend to perform a futile act by defining in § 13-1401(3) conduct already defined under § 13-1401(2).

■ Last, we turn to A.R.S. § 13-104, pertinent to our analysis, which provides:

> The general rule that a penal statute is to be strictly construed does not apply to this title, but the provisions herein *must be construed according to the fair meaning of their terms to promote justice* and effect the objects of the law....

A.R.S. § 13-104 (1978) (emphasis added). *See also State v. Tramble*, 144 Ariz. 48, 51, 695 P.2d 737, 740 (1985). Where a statute is susceptible to more than one interpretation, the rule of lenity dictates any doubt should be resolved in favor of the defendant. *State v. Pena*, 140 Ariz. 545, 549, 683 P.2d 744, 748 (App.1983), *approved*, 140 Ariz. 544, 683 P.2d 743 (1984). Based on the foregoing, we find that sexual intercourse, as defined in A.R.S. § 13-1401(3) includes a requirement that manual masturbatory contact occur to "another".

Despite an attempt by the state to broaden the statutory definition of the term "sexual intercourse" to include sole manual masturbatory contact, we deem the term retains its plain and ordinary meaning. To rule otherwise would defy both the dictionary and the Arizona Supreme Court. Therefore, we conclude A.R.S. § 13-1403(A)(3) cannot be violated by one person acting alone through manual masturbatory contact with the penis. Accordingly, we conclude the state incorrectly charged defendant with violating A.R.S. § 13-1403(A)(3); the evidence is insufficient to support a conviction under subsection (A)(3).

For the reasons stated in this opinion, the second degree burglary conviction is affirmed; and the conviction of public sexual indecency is vacated, with instructions to the trial court to grant defendant's motion for judgment of acquittal based on insufficiency of the evidence, and to set aside the 159-day sentence on the misdemeanor conviction.

CORCORAN, J., concurs.

HAIRE, J., specially concurring.

I concur in the result only.

NOTE: The Honorable ROBERT J. CORCORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89-3 of the Chief Justice, to participate in the resolution of this case which was previously assigned to him as a judge of this court or to his department before Thursday, January 5, 1989.