NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACQUELIN QUIN BUCKLEY, *Appellant.*

No. 1 CA-CR 13-0642

FILED 08-19-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-162079-001
The Honorable Richard L. Nothwehr, *Judge Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Kimerer & Derrick, P.C., Phoenix
By Clark L. Derrick, Rhonda Elaine Neff
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Jacquelin Quin Buckley has advised the court that, after searching the entire record, they found no arguable question of law and ask this court to conduct an *Anders* review of the record. Buckley was given the opportunity to file a pro se supplemental brief, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Buckley's convictions and resulting sentences are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2** In December 2011, A.R.[2] saw Buckley attempting to break into a residence in a retirement community in Glendale. A.R., who worked for the retirement community, notified her supervisor J.C. and residence manager C.S., who called 911. J.C. and retirement community security officer W.F. approached Buckley and told her to stop. When Buckley refused to do so, W.F. began chasing Buckley and yelling at her to stop; Buckley, however, did not stop and attempted to run away. W.F. grabbed Buckley by the arm and took her to the ground. Buckley continued to try to get away, including yelling at W.F. to get off of her, grabbing him in the genitals and wielding a screwdriver toward him. W.F. continued to hold Buckley until police officers arrived, who then handcuffed Buckley and took her into custody.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

[2] Initials are used to protect the identity of victims and witnesses. *See State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

**¶3**         After taking Buckley into custody, the police located a screwdriver next to a tree where W.F. had been holding Buckley. The police also located a pair of gloves that they believed belonged to Buckley. They also identified what appeared to be a pry mark on the door of the residence where A.R. had seen Buckley trying to break in. M.C. testified that the screen door to the residence was broken.

**¶4**         The State charged Buckley with four Counts: (1) attempt to commit burglary in the second degree, a Class 4 felony; (2) possession of burglary tools (alleged to be "a screwdriver and/or gloves and/or a bandana"), a Class 6 felony; (3) aggravated assault, a Class 3 dangerous felony and (4) assault, a Class 3 misdemeanor. The State timely alleged Buckley had prior felony convictions on various dates, including for burglary and theft, and alleged aggravating circumstances other than prior felony convictions. The State requested a hearing pursuant to Arizona Rule of Evidence 609 regarding impeachment of Buckley with her prior convictions if she elected to testify at trial. The superior court ruled the State could use a sanitized version of Buckley's prior felony convictions for impeachment if Buckley testified and made appropriate findings under Rule 609. Buckley was fully informed of the penalties if convicted and of a plea agreement offered to her pursuant to *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), and she rejected the plea offer.

**¶5**         Trial was held in July 2013 and lasted parts of four days. During trial, the State offered testimony from A.R., C.S., W.F. and the owner of the residence as well as an investigating police officer. After the State rested, Buckley moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20 on Counts 1, 3 and 4. Based on the testimony provided, the superior court granted the motion as to the bandana allegation for Count 2 and denied the motion in all other respects. Buckley did not testify at trial, as is her right, and she called no trial witnesses.

**¶6**         After the jury was instructed on the law, and heard arguments of counsel, they deliberated and found Buckley guilty of Counts 1, 2 and 4 and not guilty of Count 3. The jury was polled and each juror answered individually that these were their true verdicts. Following an aggravation phase, the jury found the State had proven three statutory aggravating factors. The jury was polled and each juror answered individually that these were their true verdicts. Buckley was then taken into custody pending sentencing.

**¶7**         After an evidentiary hearing on Buckley's prior felony convictions, the superior court found that the State proved Buckley had

three prior felony convictions, one of which was historical for purposes of sentencing. *See* Arizona Revised Statute (A.R.S.) section 13-105(22)(d) (2014).[3] After considering the record and argument, the superior court sentenced Buckley to concurrent, presumptive prison terms of 4.5 years on Count 1 and 1.75 years on Count 2, with appropriate presentence incarceration credit, and credit for time served on Count 4. Buckley timely appealed her convictions and sentences. This court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8** This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and brief reveals no reversible error. The record shows that Buckley was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record also indicates that Buckley knowingly, voluntarily and intelligently rejected the State's plea offer and proceeded to trial fully aware of the consequences (including possible sentences) she could receive if found guilty. The evidence admitted at trial constitutes substantial evidence supporting Buckley's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within statutory limits and permissible ranges.

**¶9** Buckley's counsel lists ten potential issues that "were explored and researched by counsel in a futile search for arguable questions of law." Addressing those issues in turn, the record supports the superior court's denial of Buckley's motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20(a). "[T]he proper number of priors" discussed during plea negotiations and a settlement conference is unclear. The record, however, indicates Buckley had more than three felony convictions, and if four were proven, those convictions would have meant Buckley could have been sentenced as having at least two historical prior felony convictions. *See* A.R.S. §§ 13-105(22)(d), -703. Because Buckley did not testify, any concerns about her being impeached by prior convictions under Arizona Rule of Evidence 609 is not properly before this court. *Cf. State v. Duran*, 233 Ariz. 310, 312 P.3d 109 (2013) (noting, in different context, where defendant must testify before challenging an adverse pretrial ruling, but chooses not to

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

testify, defendant fails to preserve claim of error and waives appellate review). Similarly, Buckley has not supported her claim that A.R.'s testimony was impermissibly speculative when A.R. testified that the damage to the door "looks like the opening of a screwdriver, a flathead screwdriver wedged in there." Moreover, Buckley has not shown error in the superior court's sustaining one objection by the State to a question asked on recross of A.R. as being outside the scope of redirect. *See State v. Jones*, 110 Ariz. 546, 521 P.2d 978 (1974) (discussing, in dicta, discretionary recross authorized under Arizona Rule of Evidence 611), *overruled on other grounds by State v. Conn*, 137 Ariz. 148, 669 P.2d 581 (1983).

**¶10** The reference to "[p]otential admission of self-serving hearsay" by Buckley at trial is not supported by the Arizona Rules of Evidence, which define an opposing party's statement as "not hearsay" and otherwise admissible. *See* Ariz. R. Evid. 801(d)(2). The flight or concealment jury instruction given by the superior court is a Recommended Arizona Jury Instruction (RAJI) and was supported by the evidence. *See* RAJI Stand. Crim. 9 (2013). Similarly, the justification of self-defense jury instructions given is a RAJI, modified to tailor it to the facts of the case, and was supported by the evidence. *See* RAJI Statutory Crim. 4.04 (2013). The superior court properly found that criminal trespass is not a lesser included offense of attempted burglary given that, among other things, attempted trespass is not a lesser-included offense of attempted burglary and trespass is not a lesser-included offense of burglary. *See State v. Starr*, 119 Ariz. 472, 476-77, 581 P.2d 706, 710-11 (App. 1978). Finally, the record fully supports the superior court's finding, made after an evidentiary hearing, that Buckley had three prior felony convictions, making one a prior "historical prior felony conviction" for sentencing purposes. *See* A.R.S. §§ 13-105(22)(d), -703.

## CONCLUSION

**¶11** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537 ¶ 30, 2 P.3d at 96. Accordingly, Buckley's convictions and resulting sentences are affirmed.

**¶12** Upon the filing of this decision, defense counsel is directed to inform Buckley of the status of her appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Buckley shall have thirty days from the date of the

decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh