669 P.2d 581

**STATE of Arizona, Appellee,**

v.

**Jerry Michael CONN, Appellant.**

**No. 5737–PR.**

Supreme Court of Arizona,
En Banc.

July 28, 1983.

Rehearing Denied Sept. 20, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Hirsh & Bayles, P.C. by Robert J. Hirsh, Michael B. Bernays, Tucson, for appellant.

HOLOHAN, Chief Justice.

Appellant Jerry Michael Conn was convicted of three counts of sexual assault, one count of second degree burglary and one count of theft of property valued over $100.00. He was given an aggravated sentence of 20 years on the burglary, 28 years on each of the assaults to run concurrently with each other but consecutively to the burglary sentence, and 12 years on the theft to be served consecutively to the assault and burglary sentences. The trial judge found as aggravating circumstances that the appellant inflicted severe emotional harm on the victim, threatened her with

bodily harm, had a long criminal record, admitted previous sexual assaults and was on parole at the time of the offense.

The defendant appealed the convictions and sentences raising a number of issues. The Court of Appeals affirmed the judgment of the trial court. *State v. Conn*, 137 Ariz. 152, 669 P.2d 585 (App.1982).

We have reviewed the record and arguments of counsel on the other issues raised by appellant, and we are satisfied with the resolution of those issues by the court of appeals. The opinion of the court of appeals on all issues except those concerning the sentence is approved, and the judgment of conviction is affirmed.

We granted the appellant's petition for review to reexamine the issue of whether an involuntary confession can be used by the trial court in determining an appropriate sentence.

## SENTENCE

Appellant contends that he was denied due process when an unconstitutionally obtained confession was part of the information used by the court in determining the severity of the sentences to be imposed.

Approximately two years prior to his trial on the instant charges, the appellant was arrested for another, unrelated offense. While in custody on that charge, he "cleared" five other sexual assault cases for a Tucson police detective. The appellant was promised immunity from prosecution for those cases he cleared. He admitted each of the five offenses, giving the detective sufficient details to convince him that the appellant was the assailant in each case. No charges were filed as to these crimes.

These five offenses were the subject of a pretrial motion in limine in the instant case. The court found the confessions to be involuntary and prohibited their admission in evidence at trial.

At appellant's aggravation hearing, however, the Tucson detective was allowed to testify that the appellant had, under a promise of immunity, admitted to five sexu-

al assaults. The court expressly relied upon this testimony and used the admitted sexual assaults as an aggravating circumstance in imposing sentence.

The trial court found that the confessions were not voluntary under the rule of *State v. McFall*, 103 Ariz. 234, 439 P.2d 805 (1968). The rule enunciated in *McFall* states that a confession to be free and voluntary within the meaning of the fifth amendment must not have been obtained by any direct or implied promises, however slight. *Id.* at 236, 439 P.2d at 807, citing *Malloy v. Hogan*, 378 U.S. 1 at 7, 84 S.Ct. 1489 at 1493, 12 L.Ed.2d 653 (1964).

█ The trial court was correct in the finding of involuntariness. In the instant case, it is undisputed that the State made an agreement with the appellant. In exchange for the defendant's surrender of his right to silence and providing information allowing clearance of five sexual assaults, the State promised the appellant he would not be prosecuted for those cases. All of the appellant's statements regarding the five sexual assaults were induced by a promise of leniency and hence involuntary under *McFall*.

Appellant argues that the sentencing judge's consideration of his involuntary confession denied him due process of law. The State, on the other hand, contends that a confession which is inadmissible as trial evidence can be considered for the limited purpose of determining an appropriate sentence citing *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974), and *State v. Jones*, 110 Ariz. 546, 521 P.2d 978, *cert. denied* 419 U.S. 1004, 95 S.Ct. 324, 42 L.Ed.2d 280 (1974).

█ The case presents a difficult question. The question relates to the constitutional limits on the scope of judicial inquiry at sentencing. As a general rule, the sentencing judge has wide discretion to consider information in imposing sentence. The rules governing the admissibility of evidence at trial do not apply at a hearing in aggravation. *State v. Thomas*, 110 Ariz. 106, 515 P.2d 851 (1973). Any reliable, relevant evidence, including hearsay, may be

introduced at the sentencing hearing to show aggravating or mitigating circumstances. Rule 26.7(b), Arizona Rules of Criminal Procedure, 17 A.R.S.

The rationale for different evidentiary rules governing trial and sentencing procedures has been discussed by the U.S. Supreme Court:

> Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial. *Williams v. People of State of New York,* 337 U.S.

241, 246–47, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949) (footnote omitted).

 However, the relaxation in the traditional evidentiary rules and procedures applicable to the guilt-determining stage during the penalty-determining stage is not unlimited. The sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. *Id.* 430 U.S. at 358, 97 S.Ct. at 1205.[1]

The question presented is whether the sentencing procedure in the instant case satisfied due process requirements. In *State v. Jones, supra,* we held that it was not error for a court to utilize an unconstitutionally obtained confession as a basis for sentencing.[2] On petition for habeas corpus, however, the District Court granted relief and ordered resentencing. The Ninth Circuit affirmed holding:

> "A sentencing judge's broad discretion to consider information in imposing sentence does not extend to consideration of information obtained in violation of a defendant's privilege against self-incrimination.
>
> . . . Because the state was aggressive in extracting a confession from appellee without warning him of the consequences, we hold that appellee's confession, in the setting in which it occurred, was involuntary. Consideration of this

---

**1.** The Supreme Court in *Gardner* noted that the fact that due process applies does not implicate the entire panoply of criminal trial procedural rights. "Once it is determined that due process applies, the question remains what process is due. It has been said so often by this court and others as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands." *Gardner v. Florida, supra,* footnote 9 quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

**2.** Defendant Jones was interviewed by a state probation officer who was in the process of preparing a pre-sentence report. Before the interview, the defendant was instructed, "you are here under court order and it is imperative that you follow all instructions." The probation officer questioned the defendant about the crime of which he had been convicted as well as any additional criminal activity for which he was responsible. The defendant confessed to numerous other crimes. The confession was reported to the trial judge who relied upon it in imposing a sentence. *See Jones v. Cardwell,* 686 F.2d 754 (9th Cir.1982).

involuntary confession by the sentencing judge violated appellee's Fifth Amendment rights." *Jones v. Cardwell,* 686 F.2d 754, 756–57 (9th Cir.1982). (Footnote omitted).

■ The conflict between our ruling and that of the Ninth Circuit has caused us to reexamine this issue. Absent a clear decision by the United States Supreme Court on the subject, the present conflict in rulings should be resolved so that there may be some uniformity in the application of the law to the problem. We believe that the Ninth Circuit has a sound basis for its ruling on the issue, and in the interest of uniformity we defer to their decision. Accordingly, we overrule *State v. Jones, supra,* and hold that an involuntary confession may not be considered at sentencing. *See United States ex rel. Brown v. Rundle,* 417 F.2d 282 (3rd Cir.1969); *United States ex rel. Rivers v. Myers,* 384 F.2d 737 (3rd Cir. 1967) (sentencing procedure did not satisfy due process requirements when a confession, constitutionally inadmissible in evidence, was part of the data used by the court in determining the severity of the sentence). *Cf. United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (convictions obtained in violation of a defendant's Sixth Amendment rights may not be considered in imposing sentence).

■ Notwithstanding defense counsel's failure to object to the admission of the confession at sentencing, we find that the court's utilization of an involuntary confession to enhance punishment constituted fundamental error. We therefore, remand to the trial court for resentencing without consideration of the matters set forth in the involuntary confession.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.