146 P.3d 574 (2006)
STATE of Arizona ex rel. The ARIZONA DEPARTMENT OF HEALTH SERVICES, Arizona State Hospital, Arizona Community Protection and Treatment Center, Petitioners,
v.
The Honorable Robert L. GOTTSFIELD, Judge of the Superior Court of the State of Arizona, in and for the county of Maricopa, Respondent Judge,
Robert Medrano, Real Party in Interest.
No. 1 CA-SA 06-0106.
Court of Appeals of Arizona, Division 1, Department C.
October 24, 2006.
Terry Goddard, Attorney General By M. April Wynne, Assistant Attorney General and Kevin D. Ray, Assistant Attorney General, Phoenix, Attorneys for Petitioners.
*575 Susan Sherwin, Office of the Legal Advocate By Mary Beth Mitchell, Deputy Legal Advocate and Consuelo M. Ohanesian, Deputy Legal Advocate, Phoenix, Attorneys for Real Party in Interest.
Daniel Raynak, Knapp Counsel, Phoenix.

OPINION
IRVINE, Judge.
¶1 The State of Arizona, the Arizona Department of Health Services, Arizona State Hospital, and the Arizona Community Protection and Treatment Center ("ACPTC") seek relief from the superior court's order concluding that Robert Medrano's counsel be allowed to conduct ex parte interviews with ACPTC employees without the consent of the State. The State presents the following arguments on appeal: (1) this court has jurisdiction to hear and decide this special action because the case raises a purely legal question of statewide importance that may occur again and cannot be resolved on appeal; (2) the superior court exceeded its authority and abused its discretion in concluding that the Arizona Rules of Civil Procedure and Arizona Rules of the Supreme Court 42, Ethical Rule 4.2 do not apply to sexually violent persons ("SVP") post-commitment proceedings; and (3) the court lacked authority to require the State to pay for the costs of depositions that Medrano's counsel may take.

FACTS AND PROCEDURAL HISTORY
¶ 2 On November 1, 2004, the trial court found Medrano to be a SVP and committed him to treatment at the ACPTC. In 2005, the ACPTC submitted its annual report to the trial court detailing Medrano's progress in treatment. Medrano then requested a review hearing to challenge the conclusions in the ACPTC's annual report.
¶ 3 At the hearing, the State called the director of the ACPTC, Dr. Dawn Noggle, to testify. Dr. Noggle stated that according to unnamed staff, Medrano exhibited a pattern of behavior that included intimidation, anger and hostility toward staff and peers. Based on this reported behavior, Dr. Noggle believed that Medrano remains a danger to reoffend in a sexually violent manner and therefore should still be committed as a SVP. Medrano's counsel objected to this statement on the grounds of hearsay and lack of disclosure. The court ruled the statement admissible, ordered that the State disclose the names of the unnamed ACPTC employees on whose observations Dr. Noggle based her opinion and ordered Medrano have an opportunity to interview them.
¶ 4 On March 27, 2006, Medrano's counsel requested the State to set up informal interviews with several employees of ACPTC, including psychology associates and behavioral health paraprofessionals. The State, however, would not consent to these informal interviews and Medrano's counsel subsequently attempted to contact the ACPTC employees outside the presence of opposing counsel. The ACPTC, however, rebuffed these attempts, resulting in Medrano raising the issue with the trial court. The trial court heard oral argument on the matter and concluded:
[T]he defense in an SVP case has the right to contact the State's ACPTC witnesses if the State refuses to set up interviews with them. The proper course, as in criminal cases, is for the defense to request and the State to agree setting up interviews with ACPTC employees of which counsel for the State and the defense may be present. If the State fails to set up an interview then the defense may contact the ACPTC employees giving notice to the State of the date, place and time of any interview. If an ACPTC employee refuses to be interviewed the defense should take the deposition of the employee with the State bearing the cost thereof. The court is of the view that the most reasonable analogous situation to the case at bar is the position of police officers in a criminal case and the procedure generally used in Arizona to interview such officers. . . . The court equates this civil proceeding, which has a burden of proof similar to a criminal case, more like a criminal case on this issue and thus believes the employees of ACPTC are more like police officers than employees of *576 the state in a typical civil case in which [Ethical] Rule 4.2 would apply.
The State then filed this special action.

JURISDICTION
¶ 5 This court has jurisdiction to hear and decide special actions and to grant relief pursuant to Arizona Revised Statute ("A.R.S.") section 12-120.21(A)(4) (2003). Martin v. Reinstein, 195 Ariz. 293, 300, ¶ 9, 987 P.2d 779, 786 (App.1999). The State asserts that this case raises a purely legal question of statewide importance that may occur again and is unlikely to be resolved on appeal. See State ex rel. Romley v. Sheldon, 198 Ariz. 109, 110, ¶ 2, 7 P.3d 118, 119 (App. 2000) (special action review appropriate where legal issue is likely to recur and petitioner has no remedy on appeal from trial court's interlocutory order); Encinas v. Mangum, 203 Ariz. 357, 358, ¶ 4, 54 P.3d 826, 827 (App.2002) (special action review is appropriate when petitioner has no remedy by appeal from an interlocutory order and issue is one of statewide importance); State ex rel. Romley v. Fields, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App.2001) (special action review is appropriate when no equally plain, speedy and adequate remedy by appeal exists).
¶ 6 Medrano argues that special action relief is inappropriate for resolving discovery disputes because direct appeal is an adequate post-trial remedy. In this case, however, a direct appeal will not remedy the damage that will have been done if Medrano's counsel is allowed to conduct ex parte interviews with ACPTC employees. See Yuma Reg'l Med. Ctr. v.Super. Ct., 175 Ariz. 72, 74, 852 P.2d 1256, 1258 (App.1993). Therefore, special action review is appropriate in this case.

DISCUSSION
¶ 7 We review legal issues that involve the interpretation of statutes de novo. In re Commitment of Frankovitch, 211 Ariz. 370, 372, ¶ 3, 121 P.3d 1240, 1242 (App.2005). The State argues that SVP proceedings are strictly civil in nature, and therefore the Arizona Rules of Civil Procedure apply to the case. We agree. The trial court was incorrect to conclude that SVP proceedings are analogous to a criminal trial. While some of the safeguards afforded criminal defendants are present in SVP proceedings, the United States Supreme Court and Arizona's appellate courts have repeatedly held that SVP commitment proceedings are strictly civil in nature. In re Commitment of Conn, 207 Ariz. 257, 259, ¶ 7, 85 P.3d 474, 476 (App. 2004); Kansas v. Crane, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002); Seling v. Young, 531 U.S. 250, 260, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001); Kansas v. Hendricks, 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); Allen v. Illinois, 478 U.S. 364, 374, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986); State ex rel. Romley v. Super. Ct., 198 Ariz. 164, 166, ¶ 6, 7 P.3d 970, 972 (App. 2000); Martin, 195 Ariz. at 307, ¶ 36, 987 P.2d at 793. Therefore, because a SVP proceeding is civil in nature, the Arizona Rules of Civil Procedure and Arizona Rules of Evidence apply to the proceedings. Martin, 195 Ariz. at 299, ¶ 3, 987 P.2d at 785. Indeed, the legislature has expressly provided that civil rules of procedure apply in this context. A.R.S. § 36-3704(B) (2003).
¶ 8 Medrano's primary argument is that the State's counsel cannot object to interviews with ACPTC's employees because they do not represent ACPTC and ACPTC is not a party to this action. As we understand the facts, ACPTC is a unit of the Arizona State Hospital, which in turn is a division of the State's Department of Health Services. ACPTC is not an independent entity, but is a part of the State. Therefore, Medrano's argument is without merit.
¶ 9 Because ACPTC is a unit of the State, and the State is a party to this proceeding, Medrano's counsel does not have an absolute right to conduct informal interviews of ACPTC employees. The ACPTC employees are not analogous to police officers witnessing a crime in a criminal proceeding. In a criminal proceeding, the prosecutor does not represent the law enforcement agency or its officers. In contrast, in a civil case the employees of a State agency are, to some extent, the clients of the State's counsel. Therefore, if Medrano wishes to conduct interviews of ACPTC employees, he must do so *577 pursuant to the Arizona Rules of Civil Procedure. See, e.g., Ariz. R. Civ. P. 26(a) (discussing the methods by which parties may obtain discovery); Ariz. R. Civ. P. 30 (discussing procedures for depositions).
¶ 10 We recognize, however, that the Rules of Civil Procedure do not bar informal interviews. We also recognize that the trial court has considerable discretion under the Rules of Civil Procedure to order and control discovery. See Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n, 211 Ariz. 337, 359, ¶ 82, 121 P.3d 843, 865 (App.2005) (stating that a trial court has broad discretion in ruling on discovery and disclosure matters, and this court will not disturb its ruling absent an abuse of discretion). The scope of that authority is not before us, so we express no opinion regarding how the Rules of Civil Procedure may be applied in this case.
¶ 11 The State also argues that Ethical Rule 4.2 protects ACPTC employees. We agree. Ethical Rule 4.2 states:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
Comment [2] to that rule provides:
In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons . . . whose statement may constitute an admission on the part of the organization.
Arizona Rule of Evidence 801(d) provides for the categories of statements which constitute admissions by party-opponents. The rule states:
A statement is not hearsay if the statement is offered against a party and is . . . (2)(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . .
Here, the ACPTC employees are agents/employees of the State. Therefore, according to Arizona Rule of Evidence 801(d)(2)(D), any statement made by them during their employment that is within the scope of their employment might be admissible against the State. Thus, under Ethical Rule 4.2, Medrano's counsel is forbidden to speak with ACPTC employees without consent of opposing counsel since their statements may constitute an admission on the part of the State.
¶ 12 Finally, the State argues that the trial court lacked the authority to require the State to pay for the costs of depositions that Medrano's counsel may take should the State not consent to informal interviews. The trial court's ruling was based on its application of criminal procedures. Because we hold that the criminal rules do not apply, we vacate the trial court's ruling. We express no opinion as to whether discovery costs in an SVP case may be shifted to the State under the Rules of Civil Procedure or some other statutory or constitutional authority.

CONCLUSION
¶ 13 For the foregoing reasons, we grant relief and vacate the trial court's minute entry dated April 28, 2006 and February 3, 2006 order which granted Medrano a right to interview ACPTC employees.
CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge and DONN KESSLER, Judge. [DOC CHECK]