IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

―――――――――――

IN RE PIMA COUNTY MENTAL HEALTH CAUSE NO. A20020026

No. 2 CA-MH 2015-0001-SP
Filed June 23, 2015

―――――――――――

Appeal from the Superior Court in Pima County
No. A20020026
The Honorable Richard S. Fields, Judge

**AFFIRMED**

―――――――――――

COUNSEL

Barton & Storts, P.C., Tucson
By Brick P. Storts, III
*Counsel for Appellant*

Barbara LaWall, Pima County Attorney
By Jacob R. Lines, Deputy County Attorney, Tucson
*Counsel for Appellee*

―――――――――――

**OPINION**

Judge Espinosa authored the opinion of the Court, in which
Presiding Judge Miller and Chief Judge Eckerstrom concurred.

―――――――――――

E S P I N O S A, Judge:

¶1         In this appeal, we consider whether appellant John Sanchez was properly denied reinstatement of his conditional release pursuant to A.R.S. § 36-3713(C) following a revocation hearing.  By way of background, in August 2003, a jury found Sanchez to be a sexually violent person as defined in A.R.S. § 36-3701(7) of Arizona's Sexually Violent Persons (SVP) Act, A.R.S. §§ 36-3701 through 36-3717.1.  Pursuant to the jury's verdict, the trial court ordered Sanchez committed to the custody of the Arizona Department of Health Services for placement at the Arizona Community Protection and Treatment Center (ACPTC).  This court affirmed the jury verdict and commitment order on appeal.  *In re Commitment of Sanchez*, No. 2 CA-MH 2003-0014-SP (memorandum decision filed Apr. 6, 2005).  In 2009, this court affirmed the trial court's denial of Sanchez's subsequent request for discharge.  *In re Detention of Sanchez*, No. 2 CA-MH 2009-0003-SP (memorandum decision filed Oct. 8, 2009).

¶2         Sanchez requested release to less-restrictive alternative conditions pursuant to §§ 36-3710 and 36-3711, in 2012.  The trial court noted that Sanchez's "response to sex offender treatment has

been on a constant upward swing since approximately 2008" and that his doctors' reports "have illustrated a positive change over time." Citing § 36-3714(A), the court also noted that the state could "no longer meet its burden of proving beyond a reasonable doubt that [Sanchez's] disorder has not changed and that he is likely to engage in acts of sexual violence if discharged." *See also* § 36-3709(A) (state must prove beyond reasonable doubt that petitioner's mental disorder has not changed and petitioner remains danger if released to less restrictive alternative). But, it determined that "immediate discharge would not be in the best interests of anyone, including Sanchez himself." The court therefore ordered conditional release to Tucson Counseling and Consulting Services, with specific conditions of release.

¶3 In July 2014, the trial court revoked the conditional release after Sanchez had admitted having touched a young girl on her back and a polygraph examiner had reported indicia of dishonesty during Sanchez's testing. The court ordered Sanchez "returned to Arizona Community Protection and Treatment Center." This court granted Sanchez's special action petition in part, vacating the court's decision because it had failed to "conduct a

hearing in compliance with A.R.S. § 36-3713." *Sanchez v. Fields*, No. 2 CA-SA 2014-0047, ¶ 2 (decision order filed Aug. 8, 2014). In December 2014, after a multi-day hearing, the court again revoked Sanchez's conditional release and committed him to total confinement.

**Discussion**

**¶4**         "Because involuntary treatment proceedings may result in a serious deprivation of appellant's liberty interests," *In re Maricopa Cnty. Superior Court No. MH 2001–001139*, 203 Ariz. 351, ¶ 8, 54 P.3d 380, 382 (App. 2002), the applicable statutes must be strictly followed, *In re Maricopa Cnty. Superior Court No. MH 2003–000058*, 207 Ariz. 224, ¶ 12, 84 P.3d 489, 492 (App. 2004). We will uphold a trial court's findings of fact in this context unless they are "clearly erroneous or unsupported by any credible evidence." *In re Maricopa Cnty. Mental Health Case No. MH 94–00592*, 182 Ariz. 440, 443, 897 P.2d 742, 745 (App. 1995).

**¶5**         Pursuant to § 36-3713(C), a trial court is required, within five days of notice that the person previously conditionally released has been detained, to schedule a hearing. To order a return to total confinement, "[a]t the hearing, the court shall determine if the state

has proved by a preponderance of the evidence that the person" did not comply with the conditions of release and that, inter alia, return to total commitment is appropriate. § 36-3713(C). In making its determination, "[t]he court may admit hearsay evidence if [it] finds that the hearsay evidence is otherwise reliable." *Id.*

**¶6** In a somewhat confusing argument, Sanchez apparently contends that the evidence was insufficient to prove beyond a reasonable doubt that he poses a danger to others and that a lower standard of proof "is improper." As noted above, the statute provides a "preponderance of the evidence" standard in this context. § 36-3713(C). Sanchez's argument on this point centers on his assertion that "[t]here was insufficient evidence presented to prove that [he] continues to qualify as an SVP." But the hearing here was not aimed at determining Sanchez's status as an SVP, *see, e.g.*, §§ 36-3707, 36-3709, 36-3714, but rather to determine whether his release to less restrictive placement should be revoked, *see* § 36-3713.

**¶7** In the context of a hearing on a petition for change of status filed after an annual review or on a petition for discharge, the state is required to prove "beyond a reasonable doubt" that the SVP's mental disorder is unchanged and he or she remains a danger.

§§ 36-3709, 36-3714. But when the issue is revocation of a conditional release, the burden of proof is lower, and the liberty interests Sanchez cites are not implicated because the state has already met the greater burden in establishing his continuing status as an SVP. Thus, his apparent argument that a lower standard of proof is unconstitutional fails—he has not explained how a heightened standard is constitutionally required in this context. And his reliance on cases addressing the deprivation of liberty in the first instance is misplaced. *See, e.g.*, *In re Winship*, 397 U.S. 358, 367-68 (1970) (juveniles entitled to finding of proof beyond reasonable doubt); *In re Gault*, 387 U.S. 1, 41, 55-56 (1967) (juveniles entitled to counsel, confrontation, privilege against self-incrimination); *see also Kansas v. Hendricks*, 521 U.S. 346, 371 (1997) (holding Kansas's SVP Act "comports with due process" and double jeopardy principles). The trial court created some uncertainty in regard to the nature of the proceeding by initially referring to § 36-3714, but the remainder of the proceedings, outlined above, make clear that the court's statement referred to the state's ability to meet its burden related to whether Sanchez posed a continued danger to the community such that total confinement was required.

¶8 Sanchez next contends that his therapist, Jennifer Balistreri, was unqualified to determine whether he "continue[d] to have a mental disorder" because she is not a licensed psychologist or psychiatrist, which he argues is required by §§ 36-3702 and 36-3708. But, § 36-3708 does not require testimony from a psychologist or psychiatrist, but only a "competent professional." Further, that section relates to the annual examination of a committed person, not to revocation of conditional release. Section 36-3713, which relates to revocation of release, does not require testimony from any particular type of mental health expert. Nor does § 36-3702, which provides the requirements for establishing that a person is an SVP in the first instance, apply in this context.

¶9 Furthermore, although Sanchez asserts that Balestreri's testimony was "improper expert testimony," he fails to develop any meaningful argument on this point, and any such claim is therefore waived. *See* Ariz. R. Civ. App. P. 13(a)(7); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, n.2, 154 P.3d 391, 393–94 n.2 (App. 2007) (failure to develop and support argument waives issue on appeal). We likewise reject his claim that Balestreri presented improper hearsay

evidence because, as noted above, § 36-3713(C) specifically allows hearsay evidence.

**¶10**        Sanchez next asserts his statements made to Balestreri should have been suppressed because they were involuntary in that they violated his rights under the Fifth Amendment to the United States Constitution.    As the state points out, however, SVP proceedings are "strictly civil in nature" and the "privilege against compulsory self-incrimination does not apply."[1] *In re Commitment of Conn*, 207 Ariz. 257, ¶¶ 7-11, 85 P.3d 474, 476-77 (App. 2004).

**¶11**        Last, Sanchez argues "there is no reliability in the polygraph" testing.  To the extent Sanchez is claiming the results of the testing should not have been admitted, we note that Sanchez offered the polygraph report at the hearing, and the state's acquiescence essentially constituted a stipulation by the parties to its admission. *Cf.  State v. Hoskins*, 199 Ariz. 127, ¶ 69, 14 P.3d 997, 1014 (2000), *supp. op.* , 204 Ariz. 572, 65 P.3d 953 (2003) (references to

---

[1] *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005), on which Sanchez relies, is inapposite.  That case involved a defendant who was required to submit to polygraph examinations as part of a treatment program ordered as a condition of probation in a criminal matter. *Id.* at 1131.

polygraph admissible only upon stipulation). Furthermore, the purpose of the polygraph test here was to monitor Sanchez's treatment pursuant to § 36-3710(E) and did not go to the ultimate issue, as evidenced in Balestreri's testimony. Moreover, even if there were any error in the admission of the polygraph results, it was invited because Sanchez moved to admit the report. *See In re MH2009-002120*, 225 Ariz. 284, ¶ 8, 237 P.3d 637, 640 (App. 2010) (party who leads court to take action may not assign action as error). Finally, to the extent he argues it undermines the trial court's factual findings, we reject this claim because the findings were supported by substantial evidence. *Maricopa Cnty. No. MH 94–00592*, 182 Ariz. at 443, 897 P.2d at 745. Sanchez himself acknowledged at the hearing that the polygraph results were correct insofar as they indicated he had not been forthcoming in relation to the incident about which he was questioned.

**Disposition**

¶12 For all of the foregoing reasons, the trial court's order is affirmed.