NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

AHMAD ZAKY QASIMYAR, et al., *Plaintiffs/Appellees,*

*v.*

MARICOPA COUNTY, *Defendant/Appellant.*

No. 1 CA-TX 19-0008
FILED 2-11-2021

---

Appeal from the Arizona Tax Court
No.  TX 2016-000882
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

---

COUNSEL

Helm, Livesay & Worthington LTD, Mesa
By Roberta S. Livesay, Joshua W. Carden
*Counsel for Defendant/Appellant*

Mooney, Wright, Moore & Wilhoit PLLC, Mesa
By Bart Wilhoit, Paul Moore, Jim L. Wright, Paul J. Mooney
*Counsel for Plaintiffs/Appellees*

Arizona Attorney General's Office, Phoenix
By Jerry A. Fries, Lisa A. Neuville
*Counsel for Amicus Curiae, Arizona Department of Revenue*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1         This tax dispute arises from a challenge by property owners ("Taxpayers") to the Maricopa County Assessor's decision to apply what is known as "Rule A," *see* A.R.S. § 42-13301, to calculate the limited property value ("LPV") of their single-family residences ("Properties").  Taxpayers contend that reclassifying the Properties because they were owner-occupied primary residences was a "change in use" that required the LPVs to be calculated pursuant to "Rule B," *see* A.R.S. § 42-13302(A).  The tax court agreed with Taxpayers and granted partial summary judgment on that theory, which we address in a separate opinion.  In this memorandum decision, we consider whether the tax court erred in granting Taxpayers' motion for class certification.  For the following reasons, we affirm the court's order.

## BACKGROUND

¶2         The Properties are located in Maricopa County.  For tax year 2016, the Assessor classified each Property as class four, under A.R.S. § 42-12004 (including residential property not otherwise falling into another classification).  For tax year 2017, the Assessor maintained the classifications for the Properties and used Rule A to determine their LPVs under A.R.S. § 42-13301. Taxpayers unsuccessfully petitioned the Assessor for administrative review, arguing that because the Properties were in fact "owner-occupied," the Assessor should have classified them as class three, not class four.  *See* A.R.S. § 42-12003(A)(1) (class three includes owner-occupied primary residences).

¶3         Taxpayers appealed the Assessor's decision to the State Board of Equalization, which reclassified the Properties as class three but did not change the Properties' LPVs.  Taxpayers appealed the Board's decision to the tax court, alleging a "change in use" had occurred because of the change from class four to class three based on the owners' occupation of the Properties as primary residences, requiring the Assessor and Board to calculate the LPVs pursuant to Rule B, not Rule A.  *See* A.R.S. § 42-

13302(A)(2) (LPV) calculated under Rule B if "change in use" for property occurred). According to Taxpayers, a Rule B calculation would have reduced their LPVs, resulting in lower property tax bills. Taxpayers requested revised LPVs calculated under Rule B and refunds for the overpaid tax.

**¶4**         Taxpayers later filed a motion for class certification, asserting they "brought this litigation on behalf of themselves and the class of others similarly situated ("Class") to redress the County's failure to follow the law." Taxpayers included analysis under Arizona Rule of Civil Procedure ("Rule") 23, asserting the Class met all the requirements for certification.

**¶5**         While that motion was pending, the parties filed competing motions for summary judgment. After briefing and oral argument, the tax court granted partial summary judgment for Taxpayers, agreeing that "where there is a change in classification based upon the change in use of a residential property, as is the case when its use changes from a [c]lass [four] to a [c]lass [three] property, a new limited property value must be established."

**¶6**         The tax court later granted Taxpayers' motion for class certification, summarily finding the proposed class met the requirements of Rule 23(a) and (b), and Taxpayers' counsel was appropriate to serve as class counsel. Consistent with Taxpayers' motion, the court described the Class as follows:

> [A]ll real property owners and taxpayers in the taxing jurisdiction of Maricopa County, Arizona, whose property classification was changed from class three to class four, or from class four to class three, for the 2017 tax year, where the limited property value was inappropriately calculated pursuant to [Rule A] instead of [Rule B] and application of [Rule A] led to a higher limited property value than application of [Rule B].

Because its summary judgment ruling is "outcome determinative with respect to alleged valuation claims" of absent Class members, the court said the only remaining matters were adjudication of issues relating to notice, and a final determination of the Class members and their damages, as well as other remedies, such as attorneys' fees and costs. The County timely appealed, and this court has jurisdiction under A.R.S. § 12-1873(A), which provides that "certification or refusal to certify a class action is appealable in the same manner as a final order or judgment."

## DISCUSSION

¶7        The County asks us to reverse the tax court's order on the grounds that Taxpayers failed to satisfy jurisdictional requirements and Rule 23.  We review a class-certification order for an abuse of discretion. *Godbey v. Roosevelt Sch. Dist. No. 66*, 131 Ariz. 13, 16 (App. 1981).

¶8        Plaintiffs seeking class certification must meet all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).  "One seeking to maintain a class action has the burden of showing that the prerequisites are satisfied—merely calling it a class action does not make it one."  *Carpinteiro v. Tucson Sch. Dist. No. 1*, 18 Ariz. App. 283, 286 (1972).  "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that [Federal] [Rule 23's] prerequisites . . . have been satisfied.'"  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citation omitted); *see ESI Ergonomic Sols., LLC v. United Artists Theatre Cir., Inc.*, 203 Ariz. 94, 98, ¶ 11 n.2 (App. 2002) ("Because Rule 23 is identical to Rule 23 of the Federal Rules of Civil Procedure, we view federal cases construing the federal rule as authoritative.").

¶9        "An order that certifies a class action must: . . . (iii) set forth the court's reasons for maintaining the case as a class action; and (iv) describe the evidence supporting the court's determination."  Rule 23(c); *see also* A.R.S. § 12-1871(B) ("If the court finds that an action should be maintained as a class action, the court shall certify the action in writing, shall set forth its reasons as to why the action should be maintained as a class action and shall describe all evidence in support of its determination.").  The tax court failed to include such detail.  But the County did not object to the certification order on this basis in the tax court or raise it as an issue on appeal.  We therefore decline to further address the level of detail in the order.

### A.        Jurisdiction/Exhaustion of Remedies

¶10        The County argues the tax court lacked jurisdiction to issue its class certification order because Taxpayers failed to appeal, or exhaust their remedies, "in such a 'representative' way that would actually preserve the ability to seek class certification."  The County acknowledges it did not raise this issue in the tax court, but contends waiver is inapplicable because its argument invokes subject-matter jurisdiction.  The doctrine of exhaustion of administrative remedies, however, "does not implicate subject-matter jurisdiction." *Medina v. Ariz. Dept. of Transp.*, 185 Ariz. 414, 416 (App. 1995) (holding that agency's failure to raise exhaustion of

remedies defense resulted in its waiver). The County has therefore waived this issue on appeal. *See Griffith Energy, L.L.C. v. Ariz. Dept. of Revenue*, 210 Ariz. 132, 137, ¶ 22 (App. 2005) (declining to consider taxpayer's argument because it was not raised in the tax court).

**¶11** Waiver aside, we are not persuaded by the County's argument. Citing *Arizona Department of Revenue v. Dougherty*, 200 Ariz. 515 (2001) and *McNutt v. Department of Revenue*, 196 Ariz. 255 (App. 1998), the County asserts that "none of the Plaintiffs appear to have filed a 'representative' claim" with the Assessor or the Board. Those cases are inapposite. In *Dougherty*, a taxpayer filed a "representative" administrative petition for an *income tax refund* from the Department. 200 Ariz. at 516, ¶ 2. After exhausting her administrative remedies, the taxpayer filed suit in tax court, seeking class certification. *Id.* Our supreme court explained that "the class device is a suitable vehicle for exhaustion of administrative remedies when not expressly prohibited by statute." *Id.* at 522, ¶ 24. The court held that "only those taxpayers whose claims were not barred by the statute of limitations, and *who therefore could have filed separate, individual administrative refund claims at the time* [taxpayer] *filed her representative claim*, and whose administrative remedies were *therefore preserved* by [taxpayer's] filing, are not barred by the statute of limitations and may join as members of the class in tax court." *Id.* at 523, ¶ 25 (emphasis added).

**¶12** *Dougherty* does not support the County's position because the law at issue in *Dougherty* required exhaustion of administrative remedies. *See id.* at 516, ¶ 2. For the same reason, *McNutt* is also distinguishable. *See* 196 Ariz. at 264–65, 267, ¶¶ 27, 33, 44 (because taxpayers were required to file a refund claim within four years, the "letter did not assert a 'class claim' that encompassed either plaintiffs or putative class").

**¶13** Here, Taxpayers faced no administrative exhaustion requirements before they filed suit in the tax court. *See* A.R.S. § 42-16201(A) (property owner dissatisfied with county assessor's valuation or classification may file a direct appeal with the tax court "regardless of whether the person has exhausted the administrative remedies under this chapter"). Thus, without the exhaustion requirements, the relevant inquiry is whether Class members could have filed "separate, individual" claims at the time Taxpayers filed their representative claim, thus preserving their remedy by the filing. *See Dougherty* at 523, ¶ 25. The County does not dispute that Class members could have done so or that Taxpayers timely asserted claims on behalf of Class members in tax court when the first amended complaint was filed in November 2018. Therefore, consistent

with *Dougherty*, the tax court had jurisdiction to consider Taxpayers' request for class certification.

¶14 The County correctly notes that if a taxpayer (1) did not timely pay taxes and failed to cure the delinquency, or (2) filed an administrative claim and did not appeal the decision within 60 days, the tax court would lack jurisdiction to include such a taxpayer in the Class. *See* A.R.S. §§ 42-16210(B) ("If the taxes are not paid before becoming delinquent, the court shall dismiss the appeal except" if delinquency is cured); 42-16203(C) (property owner must appeal Board decision within 60 days of its mailing). But that does not deprive the tax court of jurisdiction over the entire class action *as a whole*. *Cf. McDonald v. Heckler*, 612 F. Supp. 293, 298–300 (D. Mass. 1985) (dismissing claims of certain groups of proposed class members but ultimately certifying suit as class action under Federal Rule 23). Thus, Taxpayers could properly pursue a class action.

### B. Rule 23(a)

¶15 "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a). These four requirements (numerosity, commonality, typicality, and adequacy) "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citation omitted).

¶16 A court's "rigorous analysis" of whether the requirements of Rule 23(a) have been satisfied will "frequently . . . entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. "The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (citation and alteration omitted). As the tax court determined, the proposed Class in this case consists of all Maricopa County property owners whose properties were reclassified from class three to class four, or vice versa, for tax year 2017, when the LPV was improperly calculated based on Rule A, resulting in a higher LPV than Rule B would have yielded.

#### 1. Numerosity

¶17 No bright line exists as to "the number of class members that will satisfy the numerosity prerequisite of [R]ule 23." *London v. Green Acres*

*Tr.*, 159 Ariz. 136, 140 (App. 1988). "Generally[,] less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Ferrara v. 21st Century N. Am. Ins. Co.*, 245 Ariz. 377, 380, ¶8 (App. 2018) (citation omitted).

**¶18** The County argues that Taxpayers failed to establish numerosity because the actual number of property owners who will be part of the Class is not yet known. But Taxpayers were not required to identify a precise number. *See Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983) ("[A] plaintiff need not show the precise number of members in the class."). They presented a list, based on records obtained from the County, of more than 21,000 likely Class members. Although the County identified many property owners who would not be included in the Class because of factors such as changes in ownership, Taxpayers established that over 10,000 property owners would still be part of the Class. Taxpayers, therefore, satisfy Rule 23(a)(1) because the Class is so numerous that joinder of all members is impracticable.

### 2. Commonality/Typicality

**¶19** Rule 23(a)(2)'s commonality prong requires questions of law or fact that are common and that "class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 350 (citation omitted). The class members' claims "must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

**¶20** Under Rule 23(a)(3), the claims of the representative party must be "typical" of the claims of the class. Typicality has been described as follows:

> Some courts have held that the typicality requirement is satisfied when common questions of law or fact exist. Others have held a representative's claim typical if the interests of the representative are not antagonistic to those of absent class members. Still others require the representative to demonstrate that absent class members have suffered the same grievances of which he complains.

*Lennon v. First Nat. Bank of Ariz.*, 21 Ariz. App. 306, 309 (1974) (citations omitted).

¶21            "The commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*.

¶22            The County does not dispute that common issues exist with respect to whether Rule A or Rule B should be applied to determine the LPV of properties reclassified in tax year 2017 between class three and class four. Instead, the County argues there are an undetermined number of taxpayers on the list of affected properties who held multiple properties in tax year 2017, and that such taxpayers realized a "net benefit" from the application of Rule A to the reclassification of their properties. According to the County, those property owners are in a different legal posture than Taxpayers. This concern is misplaced because it is irrelevant how many single-family residences are owned by a particular property owner. Class membership depends on whether a parcel meets the Class definition, which includes only those qualifying parcels that were taxed more than they should have been. Moreover, any taxpayer, whether owning multiple properties or not, will have the option to exclude themselves, or opt out, of the Class. *See* Rule 23(c)(2)(B)(v), (vi); *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (noting that where defendants alleged a conflict between named plaintiffs and the class, each member of the class had the right to opt out of the class and "in these circumstances, that option protected the interests of any dissident employees").

¶23            The County further notes that none of the Taxpayers' Properties involved reclassification from class three to class four, but does not explain how that matters for purposes of determining whether a particular property owner falls within the Class definition. In the opinion filed herewith, we conclude that a property's reclassification "between" specific subsections of class four and class three necessarily constitutes a "change in use" for purposes of triggering Rule B, meaning the trigger is applied regardless of movement in or out of class three or class four. The County argues those property owners (changing from class three to four) would be subject to statutory penalties, but fails to demonstrate how that has any bearing on class certification.

¶24            The County also points to tax parcels where ownership changed hands during tax year 2017, and to property owners (1) who failed to timely pay taxes, (2) had reclassifications that were later reversed, or (3)

pursued administrative appeals that reached finality before the alleged class claims were made. But the County does not explain why such exceptions cannot be addressed by the tax court in the course of finalizing Class membership. Thus, Taxpayers satisfy Rule 23(a)(2) and (3).

### 3. Adequacy

**¶25** Last, Rule 23(a)(4) requires plaintiffs to show they "will fairly and adequately protect the interests of the class." *Lennon*, 21 Ariz. App. at 309 (citation omitted). Plaintiffs must also "eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that plaintiff has interests antagonistic to those of the remainder of the class." *Id*. (citation omitted). "[B]asic consideration of fairness requires that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representative[] at all stages of the litigation where absent members will be bound by the court's judgment." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003) (citation omitted).

**¶26** The County does not raise any new arguments relating to adequacy. It argues that because Taxpayers only derive from "one half" of the certified class—those switching from class four to three, this evinces a lack of adequate representation. But the County has waived that argument by failing to develop it on appeal. *See In re Pima Cnty. Mental Health Cause No. A20020026*, 237 Ariz. 452, 455, ¶ 9 (App. 2015) ("failure to develop and support argument waives issue on appeal"). The County also argues that Taxpayers and Class counsel cannot adequately represent those who derived a net financial benefit from the application of Rule A rather than Rule B. We reject this argument for the same reason as noted above. *See supra* ¶ 22. Taxpayers have established that they will fairly and adequately represent the Class, and the County has failed to show any overriding antagonistic interests that could not be resolved through individual Class members opting out of the Class. *See supra* ¶ 22; *see also Fowler v. Birmingham News Co.*, 608 F.2d 1055, 1058–59 (5th Cir. 1979) (concluding representation was adequate because "antagonistic interests were not significant" and "[a]ny antagonistic interests involved were ameliorated" by "opportunity to opt out of the class"). The tax court did not abuse its discretion when it found that Taxpayers satisfy Rule 23(a).

### C. Rule 23(b)(3)

**¶27** Because Taxpayers meet the requirements of Rule 23(a), we turn to Rule 23(b), which provides three alternative grounds to support a request for class certification. In their motion for class certification,

Taxpayers argued they satisfy both Rule 23 (b)(1) and (b)(3). Because we conclude Taxpayers meet their burden under (b)(3), we do not address (b)(1). Rule 23(b)(3) provides that a class action may be maintained if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

"The four factors are not exclusive, and the court, in its discretion, may consider other relevant factors." *ESI*, 203 Ariz. at 98, ¶ 11. "The rule provides a mechanism by which those with claims involving small potential recoveries, which reduce incentive to bring an individual action, could aggregate those claims into an action worth someone's labor." *Id.*

¶28 The County argues the availability of attorneys' fees makes feasible the pursuit of individual claims, and that Class certification here has substantial obstacles. But this argument fails to recognize that a fee award in this type of case is discretionary. *See* A.R.S. § 12-348(B)(1) ("court *may* award fees" (emphasis added)). Also, it ignores the fact that requiring the initiation of thousands of individual lawsuits, with relatively small potential recoveries, would be unfair and highly inefficient. The obstacles the County references can be addressed by refining the list of proposed Class members such that only those meeting the definition remain. For these reasons, Taxpayers satisfy Rule 23(b)(3).

### D. Amendment of Class Definition

¶29 The County argues that even if the Class was properly certified, the Class definition must be modified to

provide for the express exclusion of: (1) any person or entity who was not a record owner of a subject property at some point in 2017; (2) property owners who held multiple parcels in 2017, at least some of which were given a lower LPV as a result of the application of Rule A than they would have been assigned if Rule B had been applied; (3) all parcels who reclassified from [c]lass [three] to [c]lass [four]; (4) all parcels whose reclassification to [c]lass [three] or [c]lass [four] in 2017 was subsequently reversed; (5) all parcels for which taxes for 2017 were not timely paid; and (6) all parcels whose owners filed administrative appeals obtaining adverse determinations that became final and were no longer appealable before November 28, 2016.

Although Taxpayers do not address the County's assertion, we conclude the tax court is in the best position to ensure that any person or entity not properly fitting the Class definition, whether for jurisdictional reasons or otherwise, shall not be included in the Class.

### E.    Attorneys' Fees and Costs

**¶30**            Taxpayers request an award of their attorneys' fees incurred on appeal pursuant to A.R.S. § 12-348(B), which authorizes a fee award "to any party, other than this state or a city, town or county, that prevails by an adjudication on the merits in an action brought by the party against" a "county . . . challenging . . . [t]he assessment . . . of taxes." In our discretion, we decline to address the fee request at this stage of the proceedings. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007). Taxpayers may submit an appropriate request for fees incurred in this litigation, including fees relating to this appeal, in the tax court in due course. We express no opinion as to whether fees should be awarded. Because Taxpayers are the successful parties on appeal, we award them taxable costs upon compliance with ARCAP 21.

## CONCLUSION

¶31        We affirm the tax court's order granting Taxpayer's motion for class certification.

